### 29077. PEAGLER et al. v. GEORGETOWN ASSOCIATES et al.

JORDAN, Justice.

This is an appeal by the Board of Tax Assessors of Chatham County from an order of Chatham Superior Court granting the appellees (taxpayers) a hearing by the Board for the purpose of considering the 1973 tax assessments on property of the appellees.

The agreed statement of facts shows that in March, 1973, the appellees received notices from the Cole-Layer-Trumble Company containing the proposed new valuations for the properties of the appellees. Subsequent thereto, the appellees wrote a letter to said company requesting an appointment to meet with the company to discuss these valuations. The letter was followed by at least two telephone calls requesting information as to a date for a hearing, but no date was ever fixed therefor. On June 23, 1973, formal notices were mailed to the appellees by the County Board of Tax Assessors pursuant to Code Ann. § 92-6911. The appellees

failed to file a timely appeal therefrom. In April, 1974, the appellees filed this action in Chatham Superior Court and the trial judge entered an order granting the appellees a hearing by the Board of Tax Assessors for the purpose of considering the 1973 tax assessments. *Held:*

Code Ann. § 92-6912 (5) (C) reads as follows: "A notice of appeal, in the case of residence in a county, shall be filed with the local board of tax assessors within ten days from the date of giving the notice pursuant to said § 92-6911 or subsection (5) (B) above." The appellees failed to file a notice of appeal within the time provided by law from the official and only notice from the board of tax assessors. Regardless of the prior communications with the firm apparently employed by the Board of Tax Assessors to assist them in making valuations the appellees were not excused from complying with the provisions of the law relative to filing a notice of appeal from the official notice given by the Board of Tax Assessors. See *Grafton v. Turner,* 227 Ga. 809 (3) (183 SE2d 458), where this court said: "Where taxpayers made no request for arbitration of property values as provided by law and the tax digest is approved by the State Revenue Commissioner, they will not thereafter be allowed to attack the assessments in a court of equity."

*Judgment reversed. All the Justices concur.*

ARGUED SEPTEMBER 9, 1974 — DECIDED SEPTEMBER 24, 1974 — REHEARING DENIED OCTOBER 1, 1974.

*James W. Head, Anton F. Solms, Jr.,* for appellants.