## 34850. MCCAULEY v. BOARD OF TAX ASSESSORS OF MUSCOGEE COUNTY, GEORGIA.

BOWLES, Justice.

This appeal is from an order of Muscogee Superior Court granting appellee's motion to dismiss. Appellant-taxpayer appealed the Board of Tax Assessors' valuation of his property to the Muscogee County Board of Equalization. That body increased the assessment an additional $6,000. Taxpayer appealed the decision made by the county board of equalization to the superior court, pursuant to Code Ann. § 92-6912 (6). A written notice of appeal was filed with the Muscogee Board of Tax Assessors on July 14, 1978. A written notice of appeal was filed with the Clerk of Muscogee Superior Court on July

20, 1978.

Code Ann. § 92-6912 (6) (B) provides that "An appeal by the taxpayer shall be effected by filing with the county board of tax assessors a written notice of appeal. . . The county board of tax assessors shall certify the notice of appeal, any other papers specified by the appellant, including the staff information from the file used by either the board of tax assessors or the board of equalization, all of which papers and information shall become a part of the record on appeal to the superior court, to the clerk of the superior court." On September 21, 1978, the Board of Tax Assessors certified taxpayer's appeal, along with certain documents to be made exhibits in the case. On September 22, 1978, taxpayer filed a demand for a jury trial.

The board filed a motion to dismiss, citing taxpayer's failure to comply with Code Ann. § 92-6912 (6) (D) (1) which provides, "The appeal shall be heard before a jury at the first term following the filing of the appeal", and stating that the first term following the filing of the appeal was the August term in Muscogee Superior Court. Following hearing on the motion, the trial court concluded that taxpayer did not avail himself of the opportunity to have trial at the first term, and having no reasonable excuse for his failure to fulfill the statutory requirements, the appeal was dismissed.

We reverse.

There is no statutory requirement that the taxpayer file a notice of appeal in the superior court, although many do so out of an abundance of caution. While taxpayer in this case did file a notice of appeal with the clerk of superior court on July 20, 1978, the appeal was not officially filed in superior court until September 21, 1978, the date of the board's certification of the notice of appeal and filing of the statutorily required documents. Therefore, any effort by the taxpayer to have the case heard before that date would have been premature. On September 22, 1978, taxpayer filed a written request for jury trial in the superior court. This request was made the day after the board filed the case in superior court.

As we decided in *Etheridge v. Etheridge,* 242 Ga. 101 (249 SE2d 569) (1979), where it is the express command of a statute that appeal cases be tried by a jury at the first

term after the appeal has been entered, it would appear to be the duty of the clerk to place the same upon the trial calendar for the first term after docketing. "Counsel for neither party can control the calendars and trial of cases." While we note that the public has a great interest in having tax assessment cases decided as speedily as possible, we find that taxpayer complied with the statutory requirements of Code Ann. § 92-6912 by requesting a jury trial at the earliest opportunity after his appeal was certified and the record was perfected. Any delay in trial was caused by the board's tardiness in certifying the notice of appeal, and the clerk's failure to place the case on the trial calendar at the first term following appellant's request.

We conclude that any delay in trying taxpayer's appeal in these circumstances was not chargeable to him. It was error to dismiss his appeal without a trial on the merits.

*Judgment reversed. All the Justices concur.*

SUBMITTED MAY 15, 1979 — DECIDED
JUNE 20, 1979.

*Vincent P. McCauley, Douglas L. Breault,* for appellant.
*Lennie F. Davis, Thomas Austin,* for appellee.