## 59972. CAMDEN COUNTY BOARD OF TAX ASSESSORS v. PROCTOR.

CARLEY, Judge.

Proctor appealed certain assessments by the Camden County Board of Tax Assessors to the Camden County Board of Tax Equalization. The decision of the Board of Tax Equalization was adverse to appellee and this decision was mailed by certified mail to Proctor on August 31, 1979. On October 1, 1979, Proctor mailed by certified mail his notice of appeal to the superior court, which notice of appeal was received by the Board of Tax Assessors on October 3, 1979. Appellant's motion to dismiss the appeal as being untimely was denied by the Superior Court of Camden County. The superior court certified this decision for immediate review and we granted appellant's application for interlocutory appeal.

At all times relevant to this appeal the law applicable hereto was codified as Code Ann. § 92-6912. Code Ann. § 92-6912 (5) (F) (3) provides that notice of the decision of the county board of equalization "shall be given to each party by sending copy of the

decision by certified mail to the appellant . . . " Code Ann. § 92-6912 (6) sets forth the procedure for appeals from the county board of equalization to the superior court and provides that *"[t]he notice . . . shall be filed within 30 days from the date on which the decision of the local board of equalization is mailed . . . "* (Emphasis supplied.) Code Ann. § 92-6912 (6) (B).

In this case, although Proctor's notice of appeal was mailed on the last day for filing an appeal under the cited statutory provision, it was not received until 2 days after the expiration of the appeal period. "It is generally held that statutory limitation on the period of time in which an appeal from a judicial decision may be taken is jurisdictional. *Farmers' & Traders' Nat. Bank v. Willis,* 122 Ga. 563 (50 SE 366); *Turner v. Walters,* 105 Ga. App. 852 (125 SE2d 703); 4A CJS 143, Appeal & Error, § 458. This appeal by the taxpayer to the superior court from an adjudication of the Board of Equalization of Madison County was filed on the thirty-first day after the decision of that board was mailed as shown by the date stamp on the registered letter containing the decision and statement of procedures for appeal. Under Code §§ 92-6912 (6) (B) and 92-6912 (5) (F) (3) the appeal must be filed within 30 days from the date on which the decision of the local Board of Equalization is mailed by registered mail to the taxpayer. It follows that the superior court properly sustained the appellee's motion to dismiss the appeal for failure to file within the time period prescribed by law." *Webb v. Board of Tax Assessors,* 142 Ga. App. 784 (236 SE2d 925) (1977). Since at the time of the decision of the board of equalization in this case Code Ann. § 92-6912 (5) (F) (3) had been amended to provide for mailing by certified mail rather than registered mail, we find *Webb* to be controlling. Therefore, Proctor's appeal to the Superior Court of Camden County was not timely filed.

The recent decision of the Supreme Court in *Hamilton v. Edwards,* 245 Ga. 810 (267 SE2d 246) (1980), does not require a different result. The issue in *Hamilton* was the timeliness of an appeal to the county board of equalization from assessment by the board of tax assessors pursuant to Code Ann. § 92-6912 (5) (C) which provided for the filing of a notice of appeal "within 15 days from the date of *giving* the notice . . . " (Emphasis supplied.) In determining that the taxpayer in *Hamilton* had timely filed his notice of appeal, the Supreme Court held that "[w]hen notice is required by law to be given to a party who has the right or is required to in some way act or respond to the notice within a prescribed period of time, the date of the notice must run from the date of its receipt *unless there is express statutory provision to the contrary.*" (Emphasis supplied.) *Hamilton,* supra, p. 812. In the case sub judice Code Ann. § 92-6912

(6) (B) provides for the filing of the appeal "within 30 days from the date on which the decision of the local board of equalization is mailed . . ." Thus under the "express statutory provision to the contrary" applicable here, the time period ran from the date of the mailing of the board of equalization's decision and not from the date of the receipt of the decision by the taxpayer. The superior court erred in denying appellant's motion to dismiss Proctor's appeal.

*Judgment reversed. Quillian, P. J., and Shulman, J., concur.*

SUBMITTED JUNE 16, 1980 — DECIDED
SEPTEMBER 9, 1980.

*J. Robert Morgan,* for appellant.
*John J. Ossick, Jr.,* for appellee.