74660. JOINT CITY-COUNTY BOARD OF TAX ASSESSORS
v. TUROFF.
(361 SE2d 528)

McMURRAY, Presiding Judge.

The Superior Court of Fulton County dismissed an appeal by the Joint City-County Board of Tax Assessors because the appeal was not heard by a jury at the first term following the filing of the appeal.

On June 11, 1985, the Joint City-County Board of Tax Assessors filed a notice of appeal in the Superior Court of Fulton County from an adverse decision of arbitrators concerning the valuation of certain property. In pertinent part, the notice of appeal read: "Plaintiff hereby requests that this action receive preference on the jury trial Calendar pursuant to Georgia Laws 1969, p. 942, which requires an appeal from an arbitrator's decision to be heard before a jury at the first term following the filing of the appeal." On October 10, 1985, the matter appeared on a non-jury trial calendar. At that time, counsel for the board of tax assessors informed the clerk of the superior court that the matter was to be tried before a jury. Thereafter, on January 30, 1986, when the case was called for trial before a jury the taxpayer moved to dismiss on the ground that the board of tax assessors failed to obtain trial at the first term of court. The motion was granted and

this appeal followed. *Held*:

1. Georgia Laws 1969, p. 942, provides, in part: "The taxpayer or the board of tax assessors may appeal the arbitrator's decision to the superior court of the county in which the land lies . . . The appeal shall constitute a de novo action and shall be heard before a jury at the first term following the filing of the appeal."

2. "It being the express command of the statute that appeal cases be tried by a jury at the first term after the appeal has been entered, it would appear the duty of the clerk to place the same upon the trial calendar for the first term after docketing. If it cannot be reached at that term, or should the court otherwise defer the matter, neither party should be penalized because it has not been reached. Counsel for neither party can control the calendars and trial of cases. Such procedures are in the hands of the court, not counsel. While it is true that under Code Ann. § 81A-140 (c) [OCGA § 9-11-40 (c)] the courts may place cases on the trial calendar on notice to the parties, they must also do so upon request of a party. We find nothing in the law that places a greater burden upon one party than the other." *Etheridge v. Etheridge*, 242 Ga. 101, 103 (249 SE2d 569). Accord *McCauley v. Bd. of Tax Assessors*, 243 Ga. 844 (257 SE2d 266).

3. Although the public has an interest in the speedy resolution of tax assessment cases, we think the board of tax assessors met the statutory requirements of Ga. L. 1969, p. 942, by requesting a jury trial at the first term in its notice of appeal. See *McCauley v. Bd. of Tax Assessors*, 243 Ga. 844, supra at 846. Compare *Harvey v. Lissner*, 124 Ga. App. 448 (184 SE2d 184), wherein the board of tax assessors failed to request that the appeal be given preference on the trial calendar.

*Judgment reversed. Sognier and Beasley, JJ., concur.*

DECIDED SEPTEMBER 28, 1987.

*Marva Jones Brooks, Gary S. Walker, Jeff S. Klein*, for appellant.

*John L. Turoff*, pro se.