A94A0532, A94A0533, A94A0534. FULTON COUNTY BOARD OF TAX ASSESSORS v. CPS FOUR HUNDRED, LTD. (three cases).

(443 SE2d 645)

Pope, Chief Judge.

Plaintiff/appellant Fulton County Joint City-County Board of Tax Assessors of Atlanta-Fulton County ("Board of Tax Assessors") appeals from orders of the superior court dismissing several ad valorem tax appeals. The Fulton County Superior Court dismissed the tax appeals because the Board of Tax Assessors failed to comply with the 30-day notice requirement of OCGA § 48-5-311 (f) (2). Because we agree that the Board of Tax Assessors failed to effect its appeal in a timely fashion, we affirm.

Defendant/appellee CPS Four Hundred, Ltd. ("CPS") disputed the 1993 tax assessment of several properties they owned and requested review by the Board of Tax Assessors pursuant to OCGA § 48-5-311 (e) (2). Because the Board of Tax Assessors made no valuation changes to their original assessments, CPS appealed to the Fulton County Board of Equalization pursuant to OCGA § 48-5-311 (e) (2) (B). The Board of Equalization did make reductions to the value of the properties and mailed notice thereof to CPS on July 7, 1993. The Board of Tax Assessors attempted to appeal these determinations to the Superior Court of Fulton County pursuant to OCGA § 48-5-311 (f). The superior court dismissed the appeals and the

Board of Tax Assessors filed the present appeals to this court.[1]

1. OCGA § 48-5-311 (f) (2) states that "[a]n appeal by the county board of tax assessors *shall be effected* by giving notice to the taxpayer." (Emphasis supplied.) That Code section provides further that such "notice . . . *shall* be filed within 30 days from the date on which the decision of the county board of equalization is mailed. . . ." (Emphasis supplied.) Id. The only document filed or served by the Board of Tax Assessors within the statutory period was the certification of record filed with the Fulton County Superior Court, also required by OCGA § 48-5-311 (f) (2). According to the record, CPS did not have notice of the appeals until an entry of appearance was filed on behalf of the Board of Tax Assessors after the expiration of the 30-day period.

In *Camden County Bd. of Tax Assessors v. Proctor*, 155 Ga. App. 650, 651 (271 SE2d 902) (1980), this court held that the 30-day period for filing a tax appeal must be strictly construed because it is jurisdictional in nature, and that the trial court thus erred by not dismissing the taxpayer's appeal because the notice of appeal was received by the board of tax assessors two days beyond the thirty-day period. Similarly, in the instant case the Board of Tax Assessors did not "effect" its appeal because it failed to give notice to the taxpayer within 30 days of the decision of the Board of Equalization. Because the superior court thus lacked jurisdiction in this case, dismissal of the appeals was proper. See also *C. C. Leasing Corp. v. Bd. of Tax Assessors of Hall County*, 143 Ga. App. 520 (239 SE2d 204) (1977) (upholding dismissal of a taxpayer's appeal because the taxpayer filed his notice of appeal with the superior court instead of with the county board of tax assessors).

The fact that the Board of Tax Assessors filed the certification of record with the superior court within the statutory period does not require a different result. As stated above, the language of OCGA § 48-5-311 (f) (2) clearly provides that an appeal by a board of tax assessors "shall be effected" by giving notice to the taxpayer. Simply filing the certification of record, although also required by the statute, does not meet the notice requirements of the statute, and does not, by itself, constitute the filing of the appeal so as to confer jurisdiction on the court. The intent of the statute is to ensure proper and timely notice to parties in tax appeals and to provide procedures which expedite the tax appeal process. In the instant case, the Board of Tax Assessors' failure to serve notice upon CPS deprived the superior court of jurisdiction and dismissal of the appeals was thus proper.

---

[1] The three appeals present the same issue, and thus have been consolidated for review by this court.

2. The Board of Tax Assessors also argues failure to serve a notice of appeal on CPS within the 30-day period is a curable defect. Because we hold an appeal by a county board of tax assessors under OCGA § 48-5-311 (f) (2) is initiated by giving notice to the taxpayer within the 30-day period, and that jurisdiction will not otherwise lie, we must reject the Board's argument that such failure merely constitutes an amendable or curable defect. Contrary to the Board's assertions, *Mundy v. Clayton County Tax Assessors*, 146 Ga. App. 473 (246 SE2d 479) (1978), which merely holds that a notice of appeal may be *amended* to state the grounds for appeal after the expiration of the 30-day period, does not require a different result. Accordingly, the superior court's dismissals of the Board of Tax Assessors' tax appeals must be affirmed.

*Judgments affirmed. McMurray, P. J., and Smith, J., concur.*

DECIDED APRIL 13, 1994.

The Ewing Group, Monica E. Ewing, Cathleen S. Robson, Linda M. Prime, Melanie L. Harrington, for appellant.
Johnson & Montgomery, J. Bertram Levy, for appellee.