A03A0703. FULTON COUNTY BOARD OF TAX ASSESSORS
v. LAYTON.
(582 SE2d 520)

BARNES, Judge.

The Fulton County Board of Tax Assessors appeals the dismissal of its appeal to the superior court under OCGA § 48-5-311 of Beverly Yvonne Layton's tax valuation. The Board contends the trial court erred by relying on *Fulton County Bd. of Tax Assessors v. CPS Four Hundred*, 213 Ga. App. 1 (443 SE2d 645) (1994), and granting Layton's motion to dismiss its appeal. We agree and reverse.

The superior court dismissed the appeal because it held that the notice the Board sent to Layton did not comply with the requirement of OCGA § 48-5-311 (g) (2) that the Board's notice of appeal to the taxpayer "shall specifically state the grounds for appeal." The notice the Board provided Layton merely stated that "[t]he Board of Assessors is appealing the decision of the Board of Equalization to the Superior Court on the above referenced property."

This appeal is governed by *Mundy v. Clayton County Tax Assessors*, 146 Ga. App. 473 (246 SE2d 479) (1978):

> In the present case, appellant failed to state the ground of appeal (excessive valuation) in the original notice of appeal, but prior to hearing amended the notice by adding this information, thus complying with [OCGA § 48-5-311]. The appellee contends, however, that such notice is nonamendable. While [Chapter 5 of Title 48] fails to provide one way or another for the amendability of a notice of appeal from the Board of Equalization, we note that notices of appeal to the appellate courts of this state have been held to be amendable. If an error appears in the notice of appeal the court shall allow the notice of appeal to be amended at any time prior to judgment to perfect the appeal so that the appellate court can and will pass upon the appeal and not dismiss it. Since the policy of the law is in favor of deciding tax appeals on the merits, even at the expense of procedural technicalities, we find no reason for refusing to apply the rule allowing amendments of notices of appeal from superior courts to notices of appeal to the superior courts from administrative boards.

(Citations and punctuation omitted.) Id. at 474 (3). Accordingly, even

though the Board did not move to amend its notice,[1] we must reverse the dismissal of this appeal and remand the appeal to the superior court. At that time the Board may amend the notice of appeal to comply with OCGA § 48-5-311 (g) (2). The case of *Fulton County Bd. of Tax Assessors v. CPS Four Hundred,* supra, on which Layton relies, does not require a contrary result. In that case, dismissal was required because the Board's failure to give timely notice to the taxpayer was a jurisdictional defect. Such is not the case in this appeal.

Therefore, the judgment of the superior court is reversed and the case is remanded for further proceedings.

*Judgment reversed and case remanded. Andrews, P. J., and Adams, J., concur.*

DECIDED MAY 21, 2003.

*Johnson & Freeman, Ronald J. Freeman, Maureen M. McLeod,* for appellant.

Beverly Layton, *pro se.*

---

[1] Instead, the Board relied upon OCGA § 1-3-1 and argued substantial compliance with OCGA § 48-5-311 (g) (2).