A10A2283. HALL COUNTY BOARD OF TAX ASSESSORS
v. AVALON HILLS PARTNERS, LLC et al.
(705 SE2d 674)

PHIPPS, Presiding Judge.

The Hall County Board of Tax Assessors (BTA) contends that the superior court erred by denying its motion to dismiss the tax appeals of three companies: (i) Avalon Hills Partners, LLC; (ii) Elrod Road Development, LLC; and (iii) Clermont Station Development Partners, LLC (collectively hereinafter "LLCs"). The BTA acknowledges that the LLCs complied with the statutory procedure for filing returns of their real property for tax year 2009;[1] however, the BTA argues that, upon receiving the resulting 2009 notices of assessment, the LLCs failed to satisfy a separate statutory requirement for effectuating the distinct procedure of appealing from those assessments to the Hall County Board of Equalization (BOE). Specifically, the BTA points out that the LLCs failed to comply with OCGA § 48-5-311 (e) (2) (A)'s mandate of mailing or filing a notice of appeal within 30 days from the date of the assessment mailings. Consequently, the BTA asserts, the LLCs lost their right to appeal further to the superior court.[2]

The LLCs counter that they did not lose that right. They point out that, in addition to filing tax returns, they communicated their disagreement with their property assessments through both written and oral communications with personnel of the Hall County Tax Assessors' Office.

We agree with the BTA. Notwithstanding the measures taken by the LLCs, their failure to satisfy the cited statutory requirement

---

[1] See, e.g., OCGA §§ 48-5-15 (requiring that real property subject to taxation be returned by the property owner or his or her agent or attorney to the tax receiver or tax commissioner of the county where the property is located); 48-5-18 (requiring each tax commissioner and tax receiver to open his or her books for the return of taxes on January 1 and to close those books on April 1 of each year). See generally OCGA § 48-5-20 (a) (1) (a taxpayer who fails to return taxable property in a given year is deemed to have returned it at the same valuation as applied the preceding year).

[2] See OCGA § 48-5-311 (g) (concerning appealing decisions of the county board of equalization to the superior court); *Hooten v. Thomas*, 297 Ga. App. 487, 489 (677 SE2d 670) (2009) (taxpayer must first file an administrative appeal with the board of equalization or submit the appeal to arbitrators; an adverse decision from either the board of equalization or arbitrators may then be appealed to the superior court; if taxpayer has failed to exhaust his or her administrative remedies *in accordance with OCGA § 48-5-311*, however, the superior court is without subject matter jurisdiction to decide the appeal).

barred any further right to appeal.[3] Accordingly, we reverse the superior court's denial of the BTA's motion to dismiss the LLCs' appeals.

The underlying properties at issue here are subdivision land lots owned by the LLCs. In January and early February 2009, the Hall County Tax Assessors' office received three letters from the LLCs' representative, Robbie Robison, each "requesting that you reduce our assessment[s]."[4] In the letter written on Avalon's behalf, Robison stated further that he was "authoriz[ed] . . . to appeal the property taxes." Along with the letters for the Elrod and Clermont properties, Robison submitted to the tax assessors' office on February 6, returns for tax year 2009 proposing lower values.

Thereafter, the BTA issued notices dated April 8, 2009 to each LLC that each of their respective properties at issue was being assessed for tax year 2009 based on the value stated on the notice. The BTA's values were significantly higher than those proposed by the LLCs.[5] Each one-page notice advised, in a prominent box on the bottom half of the page, that the notice was provided pursuant to OCGA § 48-5-306; that the LLC had the right to file an appeal with the BOE by giving written notice within 30 days; and that: "If you wish to file an appeal, you must do so in writing no later than 30 days after 04/08/2009 which is on or before 05/08/2009." Each notice cautioned: "If you do not file an appeal by this date, your right to file an appeal will be lost."

It is undisputed that none of the LLCs filed a written appeal within the specified 30-day period. Nevertheless, Robison thereafter requested and was granted a hearing for the LLCs before the BOE. At the hearing, the LLCs argued that they should not be barred from pursuing appeals to the BOE and proceeded to complain about their 2009 property assessments. The BTA countered that the LLCs had lost their right to appeal because they had not filed notices of appeal as statutorily mandated. The BOE decided that "No Change" would be made to the valuations.

The LLCs appealed to the superior court.[6] The BTA moved to

---

[3] See OCGA § 48-5-311 (e) (2) (A).

[4] Avalon's letter stated that its lots were last assessed at a value of $55,000 and that it was requesting assessments at "the current fair market price or less than $30,000 per lot"; Elrod's letter stated that its lots were last assessed at an average value of $38,584 and that it was requesting assessments at "the current fair market price or less than $25,000 per lot"; Clermont's letter stated that its lots were last assessed at an average value of $41,418.38 and that it was requesting assessments at "the current fair market price or less than $30,000 per lot."

[5] The parties agree that the values for tax year 2009 were set at the 2008 amounts.

[6] While the LLCs appealed to the superior court in three separate actions, the actions were later consolidated by the trial court upon joint motion of the parties.

dismiss the appeals, maintaining that the LLCs had failed to comply with statutory mandates to obtain a tax appeal. After a hearing, the superior court denied the motion. We granted interlocutory review thereof.[7]

OCGA § 48-5-306, which was expressly cited in the assessment notices to the LLCs, requires each county board of tax assessors to examine all the returns of real property of each taxpayer, and "if in the opinion of the board any taxpayer . . . has failed to return any of such taxpayer's property at its fair market value, the board shall correct the returns."[8] That Code section further provides that, when any such correction has been made by the board, the board shall give written notice to the taxpayer of any such changes made in such taxpayer's returns;[9] and that the notice must include a "statement of the taxpayer's right to an appeal"[10] and an admonition that, if the taxpayer wishes to file an appeal, the taxpayer must do so in writing within a specified number of days.[11]

OCGA § 48-5-311 (e), governing a taxpayer's appeal from an assessment by a board of tax assessors to the board of equalization as to matters of value,[12] instructs, "Appeals to the county board of equalization shall be conducted in the manner provided in paragraph (2) of this subsection."[13] That paragraph pertinently sets forth:

> An appeal shall be effected by mailing to or filing with the county board of tax assessors a notice of appeal *within [30[14]] days from the date of mailing the notice pursuant to Code Section 48-5-306.* . . . A written objection to an assessment of real property received by a county board of tax assessors stating the location of the real property and the

---

[7] "[S]tatutory limitation on the period of time in which an appeal from a judicial decision may be taken is jurisdictional." *Camden County Bd. of Tax Assessors v. Proctor,* 155 Ga. App. 650, 651 (271 SE2d 902) (1980) (citations and punctuation omitted); see *Fulton County Bd. of Tax Assessors v. CPS Four Hundred,* 213 Ga. App. 1, 2 (1) (443 SE2d 645) (1994) (whether notice of appeal was timely is jurisdictional in nature). And "[w]e apply a de novo standard of review to purely legal questions such as whether a trial court has jurisdiction over a matter." *Walker v. Dept. of Transp.,* 279 Ga. App. 287, 288 (1) (630 SE2d 878) (2006) (citation and footnote omitted).

[8] OCGA § 48-5-306 (a).

[9] Id.

[10] OCGA § 48-5-306 (b) (2).

[11] Id.

[12] OCGA § 48-5-311 (e) (1) (A).

[13] OCGA § 48-5-311 (e) (1) (C).

[14] While the statute sets forth that a notice of appeal shall be mailed or filed within either 30 or 45 days, there is no dispute that the 30-day time period applied in the instant case.

identification number, if any, contained in the tax notice shall be deemed a notice of appeal by the taxpayer. . . .[15]

The LLCs conceded at the hearing that no such objection was submitted to the BTA within 30 days from the date of the assessment mailings. Notwithstanding, the LLCs argued at the hearing on the dismissal motion that their letters and returns — although received by the tax assessors' office two or more months *before* the assessment notices were mailed — should serve as substitutes for the timely notices of appeal contemplated by OCGA § 48-5-311 (e). In support of that position, Robison testified that he had believed that he had appealed by submitting the January and February letters. Two of the letters, Robison recounted, he had personally delivered to the tax assessors' office and informed a clerk at a window that he was "appealing my taxes." Robison further recounted that he also had handed that clerk the tax returns at issue in this case. Having done so, Robison testified, "I thought I was appealing," even though the pre-printed tax return forms were captioned, "TAXPAYER'S RETURN OF REAL PROPERTY." Copies of the submitted returns introduced in evidence contained handwritten notations: "Appealing value Several lots." But Robison testified that he had not written the notations, did not know who wrote them, and speculated they were added by that clerk.

Robison further testified that, also before the notices of assessment were sent, he had at least two conversations with an appraiser at the tax assessors' office. While he acknowledged at the hearing, "I never talked to him about the appeals process[,]" Robison insisted at the hearing, "I was led to believe that I would be going in front of the Board of Appeals . . . and that I would receive a letter." Robison therefore had waited for "[s]ome type of letter saying when my appeals date would be." When he instead received the notices of assessment, Robison admitted, "I didn't pay attention to [any such notice]. It's not a tax bill, so I felt like I had already appealed my taxes. I didn't read the fine print down at the bottom."

Having considered the evidence and argument presented by the parties, the superior court ruled that the LLCs' right to appeal had not been lost for failure to timely file notices of appeal. It found that the letters and returns that Robison had submitted — albeit *before* the 2009 assessments were mailed — had given the BTA "ample notice of [the LLCs'] desire to appeal the 2009 assessed values of [their] properties." The superior court determined that the BTA was therefore not prejudiced because "[it] was on notice of [the LLCs']

---

[15] OCGA § 48-5-311 (e) (2) (A) (emphasis supplied).

desire to appeal the assessed values." And the superior court concluded that the record showed "premature appeals filed by [the LLCs that] became effective when the assessment notices were sent to [the LLCs]."

But under similar circumstances, the Supreme Court of Georgia held that the failure to file timely a notice of appeal extinguished the taxpayers' right to appeal, even though the taxpayers had indicated disagreement with valuations before receiving the formal notices of assessment. In *Peagler v. Georgetown Assoc.*,[16] the taxpayers received notices of proposed new valuations of their properties from a company that apparently had been authorized to determine fair market value.[17] The taxpayers contacted the company by letter requesting an appointment to discuss the valuations and thereafter placed at least two telephone calls requesting information as to a hearing date.[18] No date was ever set,[19] and when the board of tax assessors sent formal notices of assessment, the taxpayers failed to file a timely appeal therefrom.[20] The Court held:

> The [taxpayers] failed to file a notice of appeal within the time provided by law from the official and only notice from the board of tax assessors. Regardless of the prior communications with the firm apparently employed by the Board of Tax Assessors to assist them in making valuations the appellees were not excused from complying with the provisions of the law relative to filing a notice of appeal from the official notice given by the Board of Tax Assessors.[21]

While there are distinctions between the facts of that case and those here — e.g., Robison's letters (and returns) were received directly by the tax assessors' office, not a hired third party — we are guided by *Peagler*. Accordingly, we hold that the letters and returns submitted by Robison months before the assessment notices were mailed did not excuse the LLCs from complying with OCGA § 48-5-311 (e) (2) (A)'s requirement that a taxpayer mail or file a notice of appeal within 30 days "from the date of mailing the notice pursuant to Code Section 48-5-306."

---

[16] 232 Ga. 848 (209 SE2d 186) (1974) (concerning former Code Ann. § 92-6912 (5) (C), which required a notice of appeal be filed within a specified number of "days from the date of giving the notice" from the board of tax assessors).

[17] Id.

[18] Id.

[19] Id.

[20] Id. at 848-849.

[21] Id. at 849.

This holding accords with the plain language, as well as the intent of OCGA § 48-5-311, which is "to ensure proper and timely notice to parties in tax appeals and to provide procedures which expedite the tax appeal process."[22] As the BTA asserts in its appellate brief, to hold otherwise would place an unintended and "impossible burden on the tax assessor's office to interpret what *might* constitute an appeal of a [future] tax assessment."[23] And as the BTA argued at the hearing, the LLCs' position conflates two statutorily distinct procedures: returning property and appealing assessments.[24]

The LLCs assert that "[i]t is undisputed that [they] submitted notices indicating their desire to appeal the value assessment of their respective properties." But the only assessments of their properties at the time they "submitted notices" were those for tax year 2008, and it was far too late to appeal from those assessments to the BOE.[25] And as discussed above, construing the "submitted notices" as notices of appeal with respect to 2009 assessments contravenes the intent and plain language of OCGA § 48-5-311.

Finally, the LLCs argue that the letters and returns should be construed as premature notices of appeal from the 2009 tax assessments, citing the non-tax case, *In the Interest of J. D. A.*[26] Given the statutory framework governing tax returns and tax appeals, together with the fact that at the time the letters and returns were submitted and received by the tax assessors' office, the 2009 assessments for the properties had not yet been made,[27] we reject the LLCs' argument. Because the factual, procedural, and statutory underpinnings of the instant case render it inapposite from *In the Interest of J. D. A.*,[28] that case does not provide for an outcome in the LLCs' favor.

---

[22] *CPS Four Hundred*, supra at 2 (1).

[23] (Emphasis in original.)

[24] Accord *Gwinnett County Bd. of Tax Assessors v. Gwinnett I Ltd. Partnership*, 265 Ga. 645-646 (458 SE2d 632) (1995) (concluding that the legislature intended the two distinct procedures — (i) the appeal process under OCGA § 48-5-311, and (ii) a refund action under OCGA § 48-5-380 — to serve two distinct purposes).

[25] See OCGA § 48-5-311 (e).

[26] 267 Ga. App. 103-104 (598 SE2d 842) (2004) (concerning termination of parental rights) (citing *Gillen v. Bostick*, 234 Ga. 308 (215 SE2d 676) (1975), for the proposition that a prematurely filed notice of appeal is treated as effective upon the filing of the order or judgment appealed).

[27] Cf. *Gillen*, supra at 309-311 (1) (although filed before entry of contested order, notice of appeal was nevertheless effective to vest jurisdiction in Supreme Court of Georgia, where the filing of the notice of appeal was *after* the date of the contested order; finding persuasive the proposition that "[t]he purpose of requiring the filing of a timely notice of appeal is to advise the opposing party that an appeal is being taken from a *specific* judgment, and such notice should therefore contain *sufficient information* so as not to prejudice or mislead the appellee" and proposing liberal construction of the Appellate Practice Act so as to bring about a decision on the merits of cases appealed) (citation and punctuation omitted; emphasis supplied).

[28] Supra.

The LLCs failed to comply with OCGA § 48-5-311 (e) so as to effectuate an appeal to the BOE;[29] consequently, their appeals to the superior court should have been dismissed.[30]

*Judgment reversed. Miller, C. J., and Johnson, J., concur.*

DECIDED DECEMBER 30, 2010 —

*Fox, Chandler, Homans, Hicks & McKinnon, Joseph A. Homans,* for appellant.

*Smith, Gilliam, Williams & Miles, Steven P. Gilliam, Keith J. Whitaker,* for appellees.

---

[29] See OCGA § 48-5-311 (e) (2) (A) (explaining procedure for effectuating an appeal to a county board of equalization); *Peagler*, supra; *CPS Four Hundred*, supra at 3 (2) (holding that an appeal by a county board of tax assessors under OCGA § 48-5-311 is initiated by giving notice to the taxpayer within the statutory period and that jurisdiction will not otherwise lie).

[30] See *Tift v. Tift County Bd. of Tax Assessors*, 234 Ga. 155-156 (215 SE2d 3) (1975) (finding no error in board of tax assessors' refusal to certify taxpayer's notice of appeal to board of equalization, where notice of appeal was filed outside time fixed by statute for effecting an appeal from assessment of the board of tax assessors); *CPS Four Hundred*, supra at 2 (1) (superior court correctly dismissed board of tax assessors' appeals for failure to effect its appeals in a timely fashion); *Proctor*, supra at 651-652 (taxpayer's appeal should have been dismissed, where notice of appeal to superior court was not timely filed under the applicable statutory provision).