**FOURTH DIVISION**
**BARNES, P. J.,**
**RAY and MCMILLIAN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**May 27, 2015**

# In the Court of Appeals of Georgia

A15A0582. DICKEY v. FULTON COUNTY BOARD OF TAX ASSESSORS.

RAY, Judge.

Patricia Dickey ("taxpayer") appeals from the superior court's order finding that it was without jurisdiction to consider her untimely appeal from the Fulton County Board of Equalization's decision regarding her ad valorem tax appeal. For the following reasons, we affirm.

This is a residential property tax appeal for tax year 2011 for property located at Tuxedo Road in Atlanta. The taxpayer appealed the 2011 tax assessment for the property to the Fulton County Board of Assessors. The Board of Equalization heard the tax appeal on March 5, 2012. The Board of Equalization then sent its decision letter to the taxpayer via certified mail on March 14, 2012. Instructions for how to

appeal to the superior court were included with the Board of Equalization's decision letter, which informed the taypayer that "a written Notice of Appeal must be filed within thirty (30) days of the date of this notice[.]" The taxpayer's appeal was not filed until April 16, 2012, which was 33 days after the notice of the Board's decision had been mailed to her. The superior court granted the Fulton County Board of Tax Assessors' motion for summary judgment on the grounds that it lacked jurisdiction to hear the matter because the appeal was not timely filed.

1. The taxpayer contends that the "time period for filing a notice of appeal is merely directory." This argument is without merit. The "statutory limitation on the period of time in which an appeal from a judicial decision may be taken is jurisdictional." (Citation omitted.) *Webb v. Bd. of Tax Assessors of Madison County*, 142 Ga. App. 784, 784 (236 SE2d 925) (1977). The version of OCGA § 48-5-311 (g) (2) in effect at the time of the trial court's decision[1] provides that the taxpayer's notice of appeal "shall be mailed or filed within thirty (30) days from the date on which the decision of the county board of equalization or hearing officer is mailed [to the taxpayer]." Failure to file an appeal within the statutory 30 days bars any further

---

[1] OCGA § 48-5-311 was recently amended, effective July 1, 2014. See Ga. L. 2014, Act 612, §4.

2

right of appeal. See *Hall County Bd. of Tax Assessors v. Avalon Hills Partners,* 307 Ga. App. 520, 522, n. 7 (705 SE2d 674) (2010). Accord *Webb*, supra (right of appeal barred when notice of appeal filed one day late); *Camden County Bd. of Tax Assessors v. Proctor*, 155 Ga. App. 650, 650 (271 SE2d 902) (1980) (taxpayer lost the right to appeal when the taxpayer's notice of appeal was mailed on the last day for filing an appeal under the statutory provision, but was not received until two days after expiration of appeal period). The taxpayer's appeal, filed 3 days late, bars her right to appeal from the Board of Equalization's decision.

2. Further, contrary to the taxpayer's contention, the evidence shows that the Board of Equalization sent notice according to the statutory requirements. OCGA § 48-5-311 (e) (6) (D) (i) provides that "[n]otice of the [Board of Equalization] decision shall be given to each party by sending a copy of the decision by registered or certified mail or statutory overnight delivery *to the appellant* and by filing the original copy of the decision with the county board of tax assessors." However, "[w]hen a taxpayer authorizes *an attorney* in writing to act on the taxpayer's behalf, all notices required to be provided to the taxpayer regarding hearing times, dates, certifications, or official actions shall instead be provided to such attorney." (Emphasis supplied.) OCGA § 48-5-311 (o).

3

The taxpayer argues throughout her brief that Property Tax Advisers, LLC ("PTA") should have been served notice of the Board's decision under OCGA § 48-5-311 (o) because it was her "attorney-in-fact," despite the fact that it is not a law firm and there is no evidence that any of its members are licensed attorneys. This argument is without merit. Here, the taxpayer hired PTA, a business that assists taxpayers in appealing their county tax valuations and assessments, to assist in her appeal. Peter Curnin, the managing member of PTA, filed a notice of appeal to the Board on that taxpayer's behalf, and such notice stated that PTA had "been retained and authorized to act on behalf of" the taxpayer and requested that "[a]ll correspondence, notices or other writings related to this appeal should be addressed to [PTA]." However, PTA is not a law firm and Curnin is not an attorney.

When applying the rules of statutory construction[2] to OCGA § 48-5-311 (o), it is important to note that OCGA § 48-5-311 distinguishes between a taxpayer's employee (such as an agent or representative) and a taxpayer's attorney, providing

---

[2] The fundamental rules of statutory construction "require us to construe the statute according to its terms, to give words their plain and ordinary meaning, and to avoid a construction that makes some language mere surplusage. While doing so, we must seek to effectuate the intent of the legislature." (Punctuation and footnote omitted.) *Ga. Transmission Corp. v. Worley*, 312 Ga. App. 855, 856 (720 SE2d 305) (2011).

4

that "[p]roof of service [of a notice of appeal to the Board of Assessors] may be made . . . by certificate of the *taxpayer, the taxpayer's attorney, or the taxpayer's employee* by written admission or by affidavit." (Emphasis supplied.) OCGA § 48-5-311 (n). This distinction is also made in the statute in the context of arbitration: "[a]t the time of certification of the appeal [to arbitration], the county board of tax assessors shall serve the *taxpayer and the taxpayer's attorney of record, if any, or employee with a copy of the certification*[.]" (Emphasis supplied.) OCGA § 48-5-311 (f) (3) (A). The Statute also specifically provides that a non-attorney can appear on the taxpayer's behalf during a hearing on the notice of appeal: "A taxpayer may appear before the board concerning any appeal in person, *by his or her authorized agent or representative, or both*. The taxpayer shall specify in writing to the board the name of any such agent or representative prior to any appearance . . . before the board." OCGA § 48-5-311 (e) (6) (A). Applying the rules of construction to the statute, and giving the "plain and ordinary meaning" to the word "attorney" in OCGA § 48-5-311 (o), it is clear that the legislature intended there to be a distinction between a taxpayer's employee (such as PTA) and a taxpayer's attorney.[3] Accord *Grand*

---

[3] This finding is further bolstered by the fact that there is an unrelated chapter of the Georgia code governing "Attorneys" which sets forth rules governing those admitted to practice law in this state. See OCGA § 15-19-1 *et seq*. OCGA § 15-19-30

5

*Partners Joint Venture I v. Realtax Resource, Inc.*, 225 Ga. App. 409, 411 (1) (a) (483 SE2d 922) (1997) (finding that the word "representative" does not mean "attorney" for the purpose of harmonizing OCGA § 48-5-311 (e) (6) (A) with the statutory prohibition against the unauthorized practice of law because representation does not necessarily involve the practice of law).

The legislature elected to permit non-lawyer representation before the county boards of equalization, but it did not elect to require the Board of Equalization to send notice of its decision to such non-lawyer representatives. The taxpayer "would have us add [an alternate] phrase into a subsection when the legislature, faced with a choice, did not do so. A statute shall be construed so as to give full force and effect to all its provisions and so as to reconcile any apparent conflicts." (Citation and punctuation omitted.) *Dept. of Human Resources v. Hutchinson*, 217 Ga. App. 70, 72 (1) (456 SE2d 642) (1995).

---

recognizes that "attorneys are officers of the courts of this state; that they have the exclusive right to practice law and represent members of the public in connection with their legal affairs. . . ." Although the legislature has specifically defined the word "Attorney" to include the phrase "attorney-in-fact" elsewhere in the Georgia code, it declined to do so here. See OCGA § 33-17-1 (1) (governing insurance law) ("As used in this chapter, the term . . . 'Attorney' means the attorney in fact of a reciprocal insurer. The attorney may be an individual, firm, or corporation").

Here, the notice of the Board of Equalization's findings was sent to the taxpayer as statutorily required via certified mail on March 14, 2012. The taxpayer admitted that she received a copy of this notice in her responsive pleading before the trial court. The taxpayer asserts that the trial court erred in relying upon an inadmissible and uncertified copy of the Board's decision letter. However, the trial court expressly states that it relied upon the taxpayer's admission in judicio that she did, in fact, receive the certified letter. See *Wahnschaff v. Erdman*, 232 Ga. App. 77, 78 (1) (502 SE2d 246) (1998).

Because the trial court correctly concluded that it was without jurisdiction to consider the taxpayer's untimely appeal from the Board of Equalization's decision, we affirm.

*Judgment affirmed. Barnes, P. J., and McMillian, J., concur*.