303 Ga. 69
FINAL COPY

S17A1421.  HALL COUNTY BOARD OF TAX ASSESSORS v. WESTREC PROPERTIES, INC.
S17A1422.  HALL COUNTY BOARD OF TAX ASSESSORS v. PS RECREATIONAL PROPERTIES, I.
S17A1423.  HALL COUNTY BOARD OF TAX ASSESSORS v. CHATTAHOOCHEE PARKS, INC.
S17A1424.  HALL COUNTY BOARD OF TAX ASSESSORS v. MARCH FIRST, INC.
S17A1425.  HALL COUNTY BOARD OF TAX ASSESSORS v. AMP III — LAZY DAYS, LLC.

BOGGS, Justice.

These five essentially identical appeals arise from the assessment of taxes by the Hall County Board of Tax Assessors ("the Board").[1] The trial court granted summary judgment in favor of appellee taxpayers based upon the Board's failure to schedule a timely settlement conference as required by the 2015 amendment to OCGA § 48-5-311 (g) (2), Ga. L. 2015, p. 1219 et seq. ("the

---

[1] The trial court heard all five cases together and entered the same summary judgment order in each case. All taxpayers are represented by the same counsel, and other than the styles, the specific valuations, and the record references, the briefs are essentially identical and raise the same three issues on appeal. The relevant dates with respect to the tax appeals are the same for all taxpayers.

Act"),[2] and the Board appeals. Because the plain language of the statute, as amended by the Act, requires the Board to schedule and notice a settlement conference with the taxpayer within 45 days of receipt of a taxpayer's notice of appeal, and provides that the appeal shall terminate in the event the Board elects not to do so, we affirm.

The relevant facts are not in dispute. Appellee taxpayers Westrec Properties, Inc. (Sunrise Cove & Snug Harbor Marinas), PS Recreational Properties, I (Holiday Marina), Chattahoochee Parks, Inc. (Aqualand Marina), March First, Inc. (Gainesville Marina), and AMP III — Lazy Days, LLC (Lazy Days Marina) operate marinas on Lake Lanier in Hall County. The marinas are located on shoreline property leased from the United States Army Corps of Engineers. For the 2015 tax year, the Board revised its real property tax assessments to include the assessed value of docks and other improvements as part of the leasehold interest instead of personalty, as in previous years. This increased the assessed value substantially: according to the taxpayers, between 345 and 3,200 percent. On June 1, 2015, the taxpayers appealed to the Board of Equalization. After hearings on December 10 and December 17 to determine

---

[2] See 2015 Georgia Laws Act 193 (H.B. 202).

the fair market value of the taxpayers' property, the Board of Equalization

upheld the assessments.[3]

On January 1, 2016, the Act went into effect.[4] It extensively amended the

provisions of OCGA § 48-5-311 governing county boards of equalization and

tax appeals, including subsection (g) relating to appeals to superior courts. The

subsection as amended requires the county board of tax assessors to schedule a

settlement conference in the event of the taxpayer's filing of a notice of appeal

to the superior court. With respect to the latter, subsection (g) (2) provides:

> . . . Within 45 days of receipt of a taxpayer's notice of appeal and
> before certification of the appeal to the superior court, the county
> board of tax assessors shall send to the taxpayer notice that a
> settlement conference, in which the county board of tax assessors
> and the taxpayer shall confer in good faith, will be held at a
> specified date and time which shall be no later than 30 days from
> the notice of the settlement conference, and notice of the amount of
> the filing fee, if any, required by the clerk of the superior court. The
> taxpayer may exercise a one-time option to reschedule the
> settlement conference to a different date and time acceptable to the
> taxpayer, but in no event later than 30 days from the date of the

---

[3] A hearing was held on December 10, 2015, but due to allegedly inadequate notice a second hearing was held on December 17. After each hearing, the Board of Equalization entered an order upholding the assessment.

[4] As noted in Division 2, below, certain provisions of the Act did not go into effect until a later date. However, most provisions, including those governing appeals to the superior courts, became effective on January 1, 2016.

3

notice. If at the end of the 45 day review period the county board of tax assessors elects not to hold a settlement conference, then the appeal shall terminate and the taxpayer's stated value shall be entered in the records of the board of tax assessors as the fair market value for the year under appeal and the provisions of subsection (c) of Code Section 48-5-299 shall apply to such value. . . .

On January 8, 2016, the taxpayers filed with the Board their respective notices of appeal to the Superior Court of Hall County. The 45-day notice period provided by OCGA § 48-5-311 (g) (2), as amended by the Act, accordingly ended on February 22, 2016. On March 8, 2016, the taxpayers mailed to the Board letters noting the failure to provide timely notice of a settlement conference and demanding that the Board "(i) enter into the records of the board of tax assessors the taxpayer's stated value of [dollar amount], (ii) refund any overage of taxes paid for the Subject Property for Tax Year 2015, and (iii) reimburse the [taxpayer] its costs of litigation and reasonable attorney's fees accumulated in this matter." On March 17, 2016, the Board's counsel responded, declining to comply with the taxpayers' March 8 demands.

On June 10, 2016, the Board provided notice to the taxpayers of a settlement conference scheduled for June 20, 2016. On June 13, 2016, prior to the settlement conference, the Board certified the appeal to the Superior Court

4

of Hall County. On June 20, 2016, the taxpayers' attorney, under protest, attended the settlement conference with the Board. Unable to agree on a fair market value, the parties proceeded with the superior court litigation.

On July 15, 2016, the taxpayers filed their motions for summary judgment. After oral argument, the trial court found that the revised version of OCGA § 48-5-311 (g) (2) applied to the parties, that the Board failed to send notice of a settlement conference within 45 days and before certifying the appeal, and that the Board therefore elected not to hold a settlement conference within the mandatory time provided by statute. It therefore granted summary judgment in favor of all taxpayers, directed that the Board enter the taxpayers' stated values and that the valuation carry forward in accordance with OCGA § 48-5-299 (c). The trial court also determined that the taxpayers were entitled to attorney fees pursuant to OCGA § 48-5-311 (g) (4) (B) (ii), and that the statute was not unconstitutional on the grounds asserted by the Board. This appeal by the Board followed.

1. Relying upon Ga. Const. Art. I, Sec. II, Par. III,[5] the Board complains

[5] "The legislative, judicial, and executive powers shall forever remain separate and distinct; and no person discharging the duties of one shall at the same time exercise the functions of either of the others except as herein provided."

5

that the Act is unconstitutional because it usurps the function of the judiciary and thus violates the separation of powers clause. The Board contends that the termination of the appeal for failure to meet the requirement to schedule a settlement conference divests the superior court of jurisdiction after it has taken the appeal, and that such legislative action interferes with the superior court by taking away its power to decide a case pending in its court. We disagree. The requirements imposed by the Act do not remove a case from the jurisdiction of the superior court. Rather, they are part of an administrative procedure that, like many others, imposes threshold conditions before the appeal reaches the jurisdiction of the superior court.

In McCauley v. Bd. of Tax Assessors of Muscogee County, Georgia, 243 Ga. 844 (257 SE2d 266) (1979), this Court interpreted former Ga. Code Ann. § 92-6912 (6) (B), which provided:

> An appeal by the taxpayer shall be effected by filing with the county board of tax assessors a written notice of appeal . . . . The county board of tax assessors shall certify the notice of appeal, any other papers specified by the appellant, including the staff information from the file used by either the board of tax assessors or the board of equalization, all of which papers and information shall become a part of the record on appeal to the superior court, to the clerk of the superior court.

See 243 Ga. at 845. In McCauley, the taxpayer, "out of an abundance of caution," id., filed a notice of appeal in the superior court as well as with the board of tax assessors. The superior court dismissed the appeal because the taxpayer failed to avail himself of trial "at the first term following the filing of the appeal" pursuant to former Ga. Code Ann. § 92-6912 (6) (D) (1).[6] This Court reversed, holding that the taxpayer's notice of appeal to the superior court was premature, and that "the appeal was not officially filed in superior court until . . . the date of the board's certification of the notice of appeal and filing of the statutorily required documents." Id.

The relevant statutory language in McCauley remains largely unchanged in the current Code. OCGA § 48-5-311 (g) (2) provides:

> An appeal by the taxpayer as provided in paragraph (1) of this subsection shall be effected by e-mailing, if the county board of tax assessors has adopted a written policy consenting to electronic service, or by mailing to or filing *with the county board of tax assessors* a written notice of appeal.

---

[6] A similar requirement remains in effect and is found in OCGA § 48-5-311 (g) (4) (A).

(Emphasis supplied.) As provided in the former Code section, the taxpayer is required to file a notice of appeal with the Board, not the superior court, and nothing is transmitted to the court at that time.

The Act does not change this longstanding administrative process, but simply provides for additional requirements to be met, by both the Board and the taxpayer, before the appeal is "officially filed in superior court," as stated in McCauley. Within 45 days of the taxpayer's notice of appeal and *before* certification of the appeal to superior court, the board of tax assessors is required to give notice of a settlement conference, to be held within 30 days of the notice. OCGA § 48-5-311 (g) (2). That subsection further provides: "If at the end of the 45 day review period the county board of tax assessors elects not to hold a settlement conference, then the appeal shall terminate." Since this is contemplated to occur *before* the certification to superior court, the appeal is still not "officially filed" at the time provided for such termination. In contrast, if after the settlement conference the parties fail to agree, then written notice of the filing fee is given to the taxpayer, that fee is paid, and the proceeds are remitted to the county. Within 30 days of receipt of the proof of payment from the clerk of the superior court, the Board is required to "certify to the clerk of the superior

court the notice of appeal and any other papers specified by the person appealing," and serve the taxpayer with a copy of the notice of appeal and the civil action file number. OCGA § 48-5-311 (g) (2). Only then is the appeal "officially filed" and jurisdiction acquired by the superior court.[7]

The cases cited by the Board, in contrast, concern actions already pending in the judicial system. In these decisions, this Court held unconstitutional various attempts by the legislature to impose limitations or restrictions upon judgments already imposed by the trial court. See, e.g., Sentence Review Panel v. Moseley, 284 Ga. 128 (663 SE2d 679) (2008) (statute authorized review and reduction of sentences already imposed by trial court in judgment of conviction); Northside Manor v. Vann, 219 Ga. 298 (133 SE2d 32) (1963) (statute allowed amendment of petition after judgment sustaining general demurrer entered by trial court); Parks v. State, 212 Ga. 433 (93 SE2d 663) (1956) (statute prohibited appellate court reversal of conviction for lack of proof

---

[7] We note that the administrative procedures outlined in OCGA § 48-5-311 also impose obligations on the taxpayer that may cause termination of the appeal if not met. See, e.g., Hall County Bd. of Tax Assessors v. Avalon Hill Partners, 307 Ga. App. 520 (705 SE2d 674) (2010) (taxpayer's failure to file notice of appeal within 30 days barred appeal), relying on Peagler v. Georgetown Assoc., 232 Ga. 848 (209 SE2d 186) (1974), construing former Ga. Code Ann. § 92-6912 (5) (C).

of venue). These decisions have no application to a condition imposed in the course of an administrative appeal before it is "officially filed" with the superior court.[8] Such administrative prerequisites for appeal are within the purview of the General Assembly and do not violate the separation of powers clause.

2. The Board next asserts that the Act does not apply to these appeals because the initial appeals by the taxpayers to the Board of Equalization occurred in 2015, before the effective date of the Act.[9] It asserts that the "entire ad valorem tax appeal process is intertwined" and thus must be treated as a single appeal.

---

[8] The Board also asserts that the jurisdiction of the superior court is invoked as soon as the taxpayer's initial notice of appeal to the superior court is filed with the board of tax assessors, citing Fulton County Bd. of Tax Assessors v. CPS Four Hundred, 213 Ga. App. 1 (443 SE2d 645) (1994). But that case involved an attempted appeal by the board of tax assessors, which failed to file or serve the required notice to the taxpayer. The Court of Appeals affirmed the dismissal of the appeal, observing that filing certification of the record did not constitute notice and failure to serve notice upon the taxpayer deprived the superior court of jurisdiction. Id. at 2 (1). And Monroe County Bd. of Tax Assessors v. Wilson, 336 Ga. App. 404, 406-407 (785 SE2d 67) (2016), also cited by the Board, relied upon McCauley, supra, to hold that the certification of the appeal, not the taxpayer's notice of appeal, completed the filing of the appeal. The statute makes clear that *all* its requirements must be met to confer jurisdiction. The Board attempts to make a distinction between "substantive" and "procedural" elements of the appeal to superior court, contending that the certification is irrelevant to jurisdiction and applies only to scheduling on the next available trial calendar, but this contention runs counter to our clear holding in McCauley.

[9] While the effective date of other sections of the Act is delayed, Section 16 of the Act, dealing with appeals to the superior court, falls within Section 27 (c) of the Act, which provides for an effective date of January 1, 2016.

But the statutory scheme outlined in OCGA § 48-5-311 does not provide for a single, unified appeal. Instead, in OCGA § 48-5-311 (e) (1) (A) (i) - (iv) the Act enumerates multiple administrative avenues for appealing the original tax assessment by the county board of tax assessors, after an initial appeal to the county board itself under OCGA § 48-5-311 (e) (2) (A). If the taxpayer is dissatisfied with the result of this initial appeal, three options are available, depending upon the property and the issues appealed: appeal to the county board of equalization under OCGA § 48-5-311 (e) (2) (C); appeal to an arbitrator under OCGA § 48-5-311 (f); or appeal to a hearing officer under OCGA § 48-5-311 (e.1). Each method of appeal prescribes a different process in considerable detail. Only at the conclusion of one of these three separate administrative appeals do the taxpayer *and* the county board of tax assessors have the option of appealing to the superior court under OCGA § 48-5-311 (g). An appeal to the superior court is the first opportunity for the board of tax assessors, as opposed to the taxpayer, to appeal, yet another indication that the appeal in subsection (g) is not part of an overarching, unified appeal. Finally, OCGA § 48-5-311 (g) (3) explicitly provides that the appeal to superior court "shall constitute a de novo

11

action."[10]

The appeals filed by the taxpayers on January 8, 2016 therefore are de novo appeals and not mere continuations of the administrative process begun in 2015, and they are governed by the provisions of OCGA § 48-5-311, as amended by the Act and effective on January 1, 2016.

3. Finally, the Board contends that the statute, as amended, does not provide a penalty for failing to send a notice of settlement conference. The Board asserts that the penalty only obtains if the Board affirmatively chooses not to hold a settlement conference, and that the statute provides no penalty for failing to send the required notice to the taxpayer.

> When we consider the meaning of a statute, we must presume that the General Assembly meant what it said and said what it meant. To that end, we must afford the statutory text its plain and ordinary meaning, we must view the statutory text in the context in which it appears, and we must read the statutory text in its most natural and reasonable way, as an ordinary speaker of the English language would.

(Citations and punctuation omitted.) Deal v. Coleman, 294 Ga. 170, 172-173 (1) (a) (751 SE2d 337) (2013). Here, a plain reading of the statute requires that, "[w]ithin 45 days of receipt of a taxpayer's notice of appeal and before

---

[10] The Board acknowledges this in its first claim of error.

certification of the appeal to the superior court, the county board of tax assessors *shall* send to the taxpayer notice that a settlement conference . . . will be held at a specified date and time." (Emphasis supplied.) OCGA § 48-5-311 (g) (2). If at the end of 45 days, the Board "elects not to hold a settlement conference, then the appeal *shall* terminate and the taxpayer's stated value" is adopted. (Emphasis supplied.) Id.

"The word 'shall' is generally construed as a word of command. The import of the language is mandatory." (Citations and punctuation omitted.) State v. Collier, 279 Ga. 316, 317 (612 SE2d 281) (2005). The Board argues that because the penalty is "located after other language within the statute," it is not a consequence of the notice requirement. In support of this argument, it cites Fulton County Bd. of Tax Assessors v. Fast Evictions, 314 Ga. App. 178 (723 SE2d 461) (2012), and Jasper County Bd. of Tax Assessors v. Thomas, 289 Ga. App. 38 (656 SE2d 188) (2007), both of which ultimately rely upon language from Barton v. Atkinson, 228 Ga. 733, 739 (1) (187 SE2d 835) (1972):

> [L]anguage contained in a statute which, given its ordinary meaning, commands the doing of a thing within a certain time, when not accompanied by any negative words restraining the doing of the thing afterward, will generally be construed as merely directory and not as a limitation of authority, and this is especially

13

so where no injury appeared to have resulted from the fact that the thing was done after the time limited by the plain wording of the Act. [Cits.]

But in Thomas, the Court of Appeals found that a prior version of OCGA § 48-5-311 (g) (4) (A) "[did] not lay out any penalty or consequence arising from a superior court's failure to conduct a nonjury trial on an appeal within 40 days" and thus was merely directory rather than mandatory. 289 Ga. App. at 40 (1).[11]

In contrast, in Fast Evictions, the Court of Appeals found that because OCGA § 48-5-311 (f) (3) (A) "specifies the effect of the failure of the board to accept or reject the taxpayer's appraisal within 45 days, that language must be enforced." 314 Ga. App. at 181.

Here, OCGA § 48-5-311 (g) (2), like OCGA § 48-5-311 (f) (3) (A), and unlike OCGA § 48-5-311 (g) (4) (A), lays out a penalty as well as a requirement. And the only language intervening between the requirement and the penalty is a recitation of the procedural details of scheduling the required

---

[11] Moreover, the Court of Appeals noted in Thomas that the provision in the same subsection that such an appeal "shall be heard as soon as practicable" was an "acknowledgment of practical concerns" and reinforced its conclusion that the 40-day requirement was directory rather than mandatory. Id. at 40-41 (1).

settlement conference.[12] Immediately thereafter, and in the same paragraph, penalties are provided against both the taxpayer and the board of tax assessors. If the board of tax assessors "elects" not to hold a settlement conference, the appeal terminates in favor of the taxpayer. On the other hand, if the taxpayer "chooses" not to participate in the conference, the taxpayer loses the opportunity to seek fees and costs in superior court. OCGA § 48-5-311 (g) (2). Reading this provision as a whole, it is clear that the legislature intended to impose the corresponding penalty upon the board of tax assessors for failing to schedule and send notice of a settlement conference within 45 days of the taxpayer's notice of appeal.[13]

The Board further contends that in order to "elect" not to hold a settlement conference, it must have done so through an official, recorded vote. But the statute does not so require. Webster's Third New International Dictionary

---

[12] Former OCGA § 48-5-311 (f) (3) (A) contains similar intervening language between the requirement and the penalty, but in Fast Evictions, the Court of Appeals construed the entire provision as a whole and found it mandatory rather than discretionary. 314 Ga. App. at 180-181.

[13] The Board also attempts to make a distinction between an election to hold a settlement conference "at the end of" the 45-day period, as opposed to "within" the 45-day period. But it is undisputed here that the Board did not send notice of or schedule a settlement conference at the end of *or* within the 45-day period, but over five months after the taxpayers' notices of appeal were filed with the Board.

15

defines the verb "elect" as: "To make a selection of: choose," while Ballentine's Law Dictionary defines it as "To make a choice."[14] And when the General Assembly wishes to require a vote in the provisions of OCGA § 48-5-311, it explicitly requires it. See, e.g., OCGA § 48-5-311 (e) (6) (D) (i) (majority vote of county board of equalization required in decision on administrative appeal); OCGA § 48-5-311 (g) (1) ("county governing authority" by majority vote may prohibit appeal to superior court by county board of tax assessors).

Here, the term "elect" is the equivalent of "choose," as the corresponding penalties resulting from the Board's choice or the taxpayer's choice demonstrate. Therefore, from the Board's election not to send the required notice within the time provided by statute, it is a reasonable inference that the Board likewise elected not to hold a settlement conference at the end of the 45-day period. The Board does not contend that it neglected to send notice through oversight or mistake; it follows that it made a choice not to do so.

The Board concedes that it did not send a notice within the 45-day statutory period, but its counsel asserted at oral argument that the Board's

---

[14] Both dictionaries add that "elect" may be defined as selecting a person for office, by vote or otherwise, but that definition is inapplicable here.

interpretation of the statute permits the Board to send a notice of settlement conference at any time, months — or even decades — after expiration of the 45-day period. The Board contends the onus is on the taxpayer to file a mandamus petition to force the scheduling of a settlement conference. But that is not what the plain language of the statute provides. Moreover, "[t]he writ of mandamus is properly issued only if (1) no other adequate legal remedy is available to effectuate the relief sought; and (2) the applicant has a clear legal right to such relief." Bibb County v. Monroe County, 294 Ga. 730, 734 (2) (755 SE2d 760) (2014). And "[a] clear legal right to the relief sought may be found only where the claimant seeks to compel the performance of a public duty that an official or agency is required by law to perform. [Cit.]" Id. at 735 (2) (b). Because the Board itself contends that it has no statutory obligation to send a notice at any particular time, under the Board's asserted reading of the statute, no mandamus could lie. And a notice that could be sent at any time — even years — after receipt of a taxpayer's notice of appeal would be meaningless, and "[i]t is a basic rule of construction that a statute or constitutional provision should be construed to make all its parts harmonize and to give a sensible and intelligent effect to each part, as it is not presumed that the legislature intended that any

17

part would be without meaning." (Citations and punctuation omitted.) <u>Gilbert v. Richardson</u>, 264 Ga. 744, 747-748 (3) (452 SE2d 476) (1994).

The Board failed to give the required notice within the 45-day time period mandated by OCGA § 48-5-311 (g) (2), and therefore elected not to have a settlement conference. It is accordingly subject to the penalty provided by the legislature in the same subsection. The trial court therefore did not err in granting summary judgment to the taxpayers.

<u>Judgment affirmed. All the Justices concur.</u>

Decided January 29, 2018 – Reconsideration denied February 19, 2018.

OCGA § 48-5-311 (g) (2); constitutional question. Hall Superior Court. Before Judge Deal.

Fox, Chandler, Homans, Hicks & McKinnon, Joseph A. Homans, Catherine T. Crawford, for appellant.

Miles, Hansford & Tallant, Jeremy E. Underwood, Lauren C. Giles, for appellees.