A11A1671. FULTON COUNTY BOARD OF TAX ASSESSORS v. GREENFIELD INVESTMENT GROUP, LLC.

(721 SE2d 128)

ELLINGTON, Judge.

Greenfield Investment Group, LLC ("the taxpayer") appealed the 2010 tax valuation assessment for a parcel of real property, elected to have the appeal submitted to binding arbitration, and provided the Fulton County Board of Tax Assessors ("the Board") (a copy of a certified appraisal of the property, as required by statute. The taxpayer then filed a motion to stay the arbitration and to have $28,000, the value set out in the taxpayer's appraisal, recognized as the final value, arguing that the Board failed to reject the taxpayer's appraisal within 45 days after receiving it and, therefore, that the appraised value became the final value by operation of law. After a hearing, the Superior Court of Fulton County granted the motion and ordered the Board to promptly reflect upon its records that the 2010 valuation for tax purposes was determined to be $28,000. The Board appeals, challenging the court's finding that the Board failed to reject the taxpayer's appraisal within the time allowed. For the reasons explained below, we reverse.

The record shows the following undisputed facts. By letter to the Board dated May 26, 2010, the taxpayer appealed the 2010 assess-

ment. On July 11, 2010, the taxpayer provided a certified copy of an appraisal to the Board and requested that the matter be submitted to binding arbitration pursuant to OCGA § 48-5-311 (f).[1] The Board's appraisal staff reaffirmed its valuation and recommended that the Board certify the appeal to binding arbitration, rather than accepting the taxpayer's appraised value. At a regular meeting of the Board held on August 19, 2010 (39 days after receiving the appraisal), the Board voted to adopt the staff recommendation and reject the taxpayer's appraisal. On September 2, 2010 (53 days after receiving the appraisal), the Board filed in the superior court its Certification of Record in reference to the binding arbitration. On September 7, 2010, the Board notified the taxpayer that it had certified the appeal.

OCGA § 48-5-311 (f) provides that an appeal from an assessment by the county board of tax assessors shall, at the option of the taxpayer, be submitted to binding arbitration. As amended in 2010,[2] the statute requires the taxpayer to provide to the board of assessors a copy of a certified appraisal, among other procedural requirements. OCGA § 48-5-311 (f) (3) (A). On the issue of a board of assessors' response to a taxpayer's demand for arbitration, the statute provides, in pertinent part, as follows:

> . . . Within 45 days of receiving the taxpayer's certified appraisal, the [county] board of [tax] assessors shall either accept the taxpayer's appraisal, in which case that value shall become final[,] or the county board of tax assessors shall reject the taxpayer's appraisal, in which case the county board of tax assessors shall certify within 45 days the appeal to the clerk of the superior court of the county in which the property is located along with any other papers specified by the person seeking arbitration under this subsection, including, but not limited to, the staff information from the file used by the county board of tax assessors. In the event that the county board of tax assessors neither accepts nor rejects the value set out in the [taxpayer's] certified appraisal within such 45 day period, then the [value set out in the taxpayer's] certified appraisal shall become the final value. . . . At the time of certification of the appeal, the county board of tax assessors shall serve the taxpayer and the taxpayer's attorney of record, if any, or

---

[1] The Board contends that the date it received the appraisal is unknown but, for purposes of its appeal, concedes that it received the appraisal at least by July 11, 2010. Although there is some evidence in the record that the Board actually received the appraisal on July 9 or 10, 2010, the difference among these dates does not affect the result in this appeal.

[2] See Ga. L. 2010, p. 1104, § 6-1 (effective June 4, 2010).

employee with a copy of the certification along with any other papers specified by the person seeking arbitration along with the civil action file number assigned to the appeal. Within 15 days of filing the certification to the clerk of the superior court, the chief judge of the superior court of the circuit in which the property is located shall issue an order authorizing the arbitration.

OCGA § 48-5-311 (f) (3) (A).

The Board contends that it rejected the value set out in the taxpayer's certified appraisal within 45 days of receiving the appraisal when, on August 19, 2010, it voted to adopt the staff recommendation. Further, the Board contends that OCGA § 48-5-311 (f) (3) (A) does not require a board that rejects a taxpayer's appraisal to certify the appeal to the clerk of the superior court within 45 days of receiving the appraisal. Rather, the Board contends that OCGA § 48-5-311 (f) (3) (A) allows a board 45 days to accept or reject a taxpayer's appraisal and, if the board rejects the appraised value, an *additional* 45 days after rejecting the appraised value to certify the appeal to the superior court.

As an initial matter, we note that, as to other time limitations imposed on tax authorities under OCGA § 48-5-311, we have held that the limitations are directory rather than mandatory. *Jasper County Bd. of Tax Assessors v. Thomas*, 289 Ga. App. 38, 41 (1) (656 SE2d 188) (2007) (The requirement under OCGA § 48-5-311 (g) (4) (A) that a nonjury trial in an appeal from a board of equalization to the superior court "shall be held within 40 days" of filing is directory rather than mandatory.) (citation omitted); *Moreton Rolleston, Jr. Living Trust v. Glynn County Bd. of Tax Assessors*, 240 Ga. App. 405, 406 (523 SE2d 600) (1999) (The requirement under OCGA § 48-5-311 (e) (6) that, within 15 days of receiving notice of an appeal, a board of equalization shall set a hearing date to determine the questions presented and shall conduct the hearing not more than 30 days and not less than 20 days from notification is directory rather than mandatory.). In this case, the Board's certification of the taxpayer's appeal 53 days after receiving the appraisal represents, at least, substantial compliance with OCGA § 48-5-311 (f) (3) (A). *Moreton Rolleston, Jr. Living Trust v. Glynn County Bd. of Tax Assessors*, 240 Ga. App. at 407 (The failure of a county board of equalization to timely hear a taxpayer's appeal did not nullify the assessment where there was substantial compliance with the statute.).

Even directory requirements, however, should be conscientiously observed. Because the Board's arguments on appeal involve the meaning of the statute, the threshold issue is whether the language is plain and unequivocal, in which case judicial construc-

tion is not permitted, or whether it is ambiguous, in which case judicial construction is appropriate. *City of Atlanta v. City of College Park*, 311 Ga. App. 65, 68-69 (2) (715 SE2d 158) (2011) ("[W]hen a statute is plain and susceptible of but one natural and reasonable construction, a court must simply follow the literal language of the statute, unless doing so would lead to absurd or wholly impracticable consequences.") (citation and punctuation omitted). A statute is ambiguous when it is susceptible of more than one natural and reasonable interpretation. *State Revenue Comm. v. Nat. Biscuit Co.*, 179 Ga. 90, 99-100 (2) (175 SE 368) (1934); *City of Atlanta v. City of College Park*, 311 Ga. App. at 68 (2).

In considering the language employed in OCGA § 48-5-311 (f) (3) (A), we conclude that it is unclear which event triggers the 45-day period in which the board of tax assessors is required to certify an appeal to the clerk of the superior court for arbitration — the board's receipt of the taxpayer's certified appraisal *or* the board's rejection of the appraisal. We conclude, therefore, that the statute is ambiguous in this respect.

> Where the language of a statute is capable of more than one meaning, we construe the statute so as to carry out the legislative intent. The "cardinal rule" of statutory construction is to ascertain the legislative intent and purpose in enacting the law and then to give it that construction which will effectuate the legislative intent and purpose. See also OCGA § 1-3-1 (a) ("In all interpretations of statutes, the courts shall look diligently for the intention of the General Assembly, keeping in view at all times the old law, the evil, and the remedy."). . . . [I]n construing language in any one part of a statute, a court should consider the entire scheme of the statute and attempt to gather the legislative intent from the statute as a whole.

(Citations and punctuation omitted.) *City of Atlanta v. City of College Park*, 311 Ga. App. at 69-70 (2).

Considering the statute as amended in 2010 as a whole, and comparing it to the statute before the 2010 amendment, we conclude that, as the Board contends, there are *two* 45-day periods specified in OCGA § 48-5-311 (f) (3) (A): (1) the period following a board's receipt of the taxpayer's appraisal, within which the board must formally decide to accept or reject the appraised value; and (2) the period following a board's decision to reject the appraised value, if it so decides, within which the board must certify the taxpayer's appeal to the superior court so that the arbitration process can begin. Thus, if a board rejects a taxpayer's appraisal, even if the board acts on the

last day, the appeal will be certified to the superior court within 90 days after receiving a taxpayer's appraisal. Such an interval is not inherently unreasonable. If, on the other hand, there were only a single 45-day period under OCGA § 48-5-311 (f) (3) (A), a board which formally decided whether to accept or reject a taxpayer's appraisal on the last day (the 45th day after receiving the appraisal) would be required to prepare the record "along with any other papers specified by the person seeking arbitration under this sub-section, including, but not limited to, the staff information from the file used by the county board of tax assessors[,]" and file it instantly, in order to certify the appeal within that same 45-day window, an unreasonable requirement.

In this case, the undisputed evidence established that, within 45 days of receiving the taxpayer's certified appraisal, the Board decided, in the manner in which it was authorized to act, that is, by a vote of the members at a properly convened meeting, to reject the value set out in the appraisal. In addition, the undisputed evidence established that, within 45 days after voting to reject the taxpayer's appraisal, the Board certified the taxpayer's appeal to the superior court, in compliance with OCGA § 48-5-311 (f) (3) (A).

Based on the foregoing, we conclude that the trial court erred in ruling that, for 2010 taxes, the value of the subject property is $28,000. *Jasper County Bd. of Tax Assessors v. Thomas*, 289 Ga. App. at 39-41 (1). The value remains to be determined by an arbitrator in accordance with the procedures set out in OCGA § 48-5-311 (f).

*Judgment reversed. Miller, P. J., and Doyle, J., concur.*

DECIDED NOVEMBER 17, 2011 —
RECONSIDERATION DENIED DECEMBER 2, 2011 — 

*Carothers & Mitchell, Peter C. Brown*, for appellant.
*Dietrick, Evans, Scholz & Williams, Robert W. Scholz, John F. Woodham*, for appellee.