A11A2155, A11A2156, A11A2157. FULTON COUNTY BOARD OF
TAX ASSESSORS v. FAST EVICTIONS, LLC (three cases).
(723 SE2d 461)

ADAMS, Judge.

These three cases all involve a single identical issue, but the appellant has failed to show error, and we therefore affirm.

The facts are not in dispute. In each of the three cases, the taxpayer raised an appeal with the Fulton County Board of Tax Assessors to its 2010 tax valuation assessment for a parcel of real property in Fulton County. In each case and on the same day, the taxpayer submitted a notice of appeal to the board and elected to use the arbitration provisions of OCGA § 48-5-311 (f). Then, on July 26, 2010 and as required by that Code section, the taxpayer submitted in each case a copy of a certified written appraisal stating the estimated value of the subject property. That action triggered the beginning of the first of two 45-day periods; in the first 45-day period (ending on September 9, 2010) the board of assessors was required to either formally accept or reject the taxpayer's appraisal:

> Within 45 days of receiving the taxpayer's certified appraisal, the board of assessors shall either accept the taxpayer's appraisal, in which case that value shall become final or the county board of tax assessors shall reject the taxpayer's appraisal, in which case the county board of tax assessors shall certify within 45 days the appeal to the clerk of the superior court of the county in which the property is located along with any other papers specified by the person seeking arbitration under this subsection, including, but not limited to, the staff information from the file used by the county board of tax assessors.

OCGA § 48-5-311 (f) (3) (A). The fact that the statute provides for two, 45-day periods has recently been established by this Court. *Fulton County Bd. of Tax Assessors v. Greenfield Inv. Group, LLC*, 313 Ga. App. 195 (721 SE2d 128) (2011). As explained therein, the above quoted language establishes these two periods:

> (1) the period following a board's receipt of the taxpayer's appraisal, *within which the board must formally decide to*

*accept or reject the appraised value*; and (2) the period following a board's decision to reject the appraised value, if it so decides, within which the board must certify the taxpayer's appeal to the superior court so that the arbitration process can begin.

(Emphasis supplied.) Id. at 198. The same subsection of the statute goes on to provide that should the board of assessors fail to either accept or reject the taxpayer's appraisal within the first 45-day period, "then the certified appraisal shall become the final value." OCGA § 48-5-311 (f) (3) (A).

In each case on appeal herein, the record shows that on September 23, 2010, 53 days after the taxpayer submitted the certified appraisal, the board of assessors *notified* the taxpayer that it had rejected the taxpayer's appraisal and adopted a different recommended value for the subject property. But there is no indication in the record of when the board made its decision. Then, on October 5, 2010, 71 days after submission of the appraisal, the board certified the matter to the superior court for binding arbitration.

On November 8, 2010, in each of the three cases, the taxpayer moved the trial court to stay the arbitration and recognize the assessed value as automatically established by the board's failure to either accept or reject its appraisal within 45 days of when it was submitted. Following a hearing on the matter, the trial court ruled in favor of the taxpayer:

> [T]he Court finds that the Board of Tax Assessors did not timely reject the value set forth in the certified appraisal and has determined that the value set forth in that appraisal is the final value pursuant to OCGA § 48-5-311 (f) (3) (A).

On appeal, the board contends the lower court erred by holding that OCGA § 48-5-311 (f) requires the board to *notify* the taxpayer of its decision within 45 days of receipt of the taxpayer's appraisal. The lower court, however, did not so hold; it held that the board failed to formally accept or reject the taxpayer's appraisal within that time period. Compare *Greenfield*, 313 Ga. App. at 196 (although board failed to give taxpayer notice of its decision within the first 45-day period, the record established that the board made its decision to reject the taxpayer's appraisal at a regular meeting of the board held 39 days after receipt of the appraisal).

In the present cases, however, the board has completely failed to show when the board made its decision to reject the taxpayer's appraisals. Furthermore, although there was a hearing on this

matter in the court below, there is no transcript of that hearing in the appellate record. In its order, the trial court indicated that at the hearing, it considered "arguments of counsel, the record and *matters submitted by the parties without objection at the hearing.*" (Emphasis supplied.) The appellant admits that after discovering that no transcript had been produced for that hearing, it amended its notice of appeal to delete the notice that a transcript would be filed. The appellant has not taken other steps available to perfect the record with any such information. See OCGA § 5-6-41.

Thus, based on the record before us, we cannot conclude that the trial court erred by deciding that the board failed to "timely reject" the taxpayer's appraisals. And even if the specific point was discussed at the hearing below, where a transcript is essential for resolution of an appeal and the appellant chooses to omit the transcript from the appellate record, the appellant "has failed to meet his burden of showing error, [and] the judgment of the trial court must be affirmed." *Brown v. Frachiseur*, 247 Ga. 463, 464 (277 SE2d 16) (1981). See also *Holmes v. Roberson-Holmes*, 287 Ga. 358, 360-361 (1) (695 SE2d 586) (2010) (rules regarding transcript).

Although, we have held that time limitations imposed on tax authorities under OCGA § 48-5-311 are directory rather than mandatory and that substantial compliance is sufficient even when the statute uses the word "shall," see *Greenfield*, 313 Ga. App. at 196, and cases cited therein, the relevant statutory language here does not pertain to a time for taking action, rather, it expressly specifies the effect of a failure to take timely action:

> In the event that the county board of tax assessors neither accepts nor rejects the value set out in the certified appraisal within such 45 day period, then the certified appraisal shall become the final value.

OCGA § 48-5-311 (f) (3) (A). Indeed, it is precisely when there is an express statement describing a penalty for doing a thing at a later time that a provision will be held to be mandatory rather than discretionary:

> [L]anguage contained in a statute which, given its ordinary meaning, commands the doing of a thing within a certain time, when not accompanied by any negative words restraining the doing of the thing afterward, will generally be construed as merely directory and not as a limitation of authority, and this is especially so where no injury appeared to have resulted from the fact that the thing was done after the time limited by the plain wording of the Act.

*Barton v. Atkinson*, 228 Ga. 733, 739 (1) (187 SE2d 835) (1972). See also *Glass v. City of Atlanta*, 293 Ga. App. 11, 15 (2) (a) (666 SE2d 406) (2008) ("[I]n the absence of injury to the defendant, a statute which directs that some act be done within a given time period, but prescribes no penalty for not doing it within that time, is not mandatory but directory; that is, that in such instances 'shall' denotes simple futurity rather than a command.") (punctuation omitted). Here, because the statute specifies the effect of the failure of the board to accept or reject the taxpayer's appraisal within 45 days, that language must be enforced.

Our decision is not inconsistent with *Greenfield*, because in that case, the punitive language was not triggered:

> [T]he undisputed evidence established that, within 45 days of receiving the taxpayer's certified appraisal, the Board decided, in the manner in which it was authorized to act, that is, by a vote of the members at a properly convened meeting, to reject the value set out in the appraisal.

*Id.* at 199. Here, there is no such evidence. And *Greenfield* did not specifically analyze the effect on the construction of the statute of the punitive language quoted above.

Finally, we find no merit in the board's argument that the taxpayer was precluded from raising this issue below.

*Judgment affirmed. Barnes, P. J., and Blackwell, J., concur.*

DECIDED FEBRUARY 16, 2012.

*Johnson & Freeman, Raymond C. Humphrey*, for appellant.

*Evans, Scholz, Williams & Warncke, Robert W. Scholz*, for appellee.