## 60428. COOPER v. GWINNETT COUNTY BOARD OF EDUCATION.

POPE, Judge.

Appellant was discharged from her teaching position by appellee board of education. She appealed to the State Board of Education which affirmed the county board's decision on August 9, 1979. On September 7, 1979 appellant filed a document entitled "Appeal from State Board of Education Decision" in the Superior Court of Gwinnett County. She appeals the superior court's order dismissing her "appeal."

Our Constitution provides that superior courts "shall have appellate jurisdiction in all cases as may be provided by law." Art. VI, Sec. IV, Par. IV, Ga. Constitution of 1976 (Code Ann. § 2-3304). Pursuant to this constitutional authorization, the General Assembly enacted Code § 32-910(c) which provides: "Where an appeal is taken to the State Board of Education, the Board shall notify the parties of its decision within twenty-five (25) days after hearing thereon. Any party aggrieved thereby may appeal to the superior court of the county wherein the local board is situated. Such appeal *shall* be filed in writing within thirty (30) days after the decision of the State Board of Education." (Emphasis supplied.) Code § 6-103 (a) directs that an appeal to the superior court is to be taken *"by filing a notice of appeal with the court, agency or other tribunal appealed from."* (Emphasis supplied.)

"The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction upon the appellate court." *Jordan v. Caldwell,* 229 Ga. 343, 344 (191 SE2d 530) (1972). In this case no notice of appeal was filed with the State Board of Education but, instead, appellant filed her appeal directly in the superior court. "The proper appellate procedure in this instance was not followed in accordance with law, and indeed [there was] no proper appeal for consideration inasmuch as counsel filed the action in the superior court rather than as required by the statute." *C. C. Leasing Corp. v.*

*Bd. of Tax Assessors,* 143 Ga. App. 520 (239 SE2d 204) (1977); *Wood v. Atkinson,* 229 Ga. 179 (190 SE2d 46) (1972). Therefore, the superior court did not have "jurisdiction to review the [decision] sought to be appealed because of the failure to confer jurisdiction upon [that] court pursuant to the [statute]." *Jordan v. Caldwell,* supra at 344. Appellant's "appeal" was properly dismissed.

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

DECIDED JANUARY 30, 1981.

G. *Hughel Harrison,* for appellant.
J. L. *Edmondson,* for appellee.