A94A1369. ELBERT COUNTY BOARD OF EDUCATION
v. GURLEY.
(450 SE2d 258)

ANDREWS, Judge.

On March 3, 1992, the principal of Elbert County High School conducted a random search of students' automobiles, looking for weapons. Search of the appellee's car uncovered a .25 caliber pistol in the vehicle's glove compartment.

The principal immediately suspended the appellee for ten days. However, after a hearing on the matter, the Elbert County Board of Education (Elbert County) suspended the appellee for the remainder of the school semester, and the State Board of Education subsequently upheld that suspension. The appellee then sought judicial review of that decision by filing a notice of appeal with the superior court on October 7, 1992. Eventually, on November 8, 1993, the superior court reversed, on the grounds that the search of the student's car was illegal and the suspension was arbitrary.

Elbert County moved to set aside that judgment, contending that the superior court lacked jurisdiction over the matter because the appellee had not filed his notice of appeal with the State Board of Education as required under OCGA § 20-2-1160. The trial court denied that motion, and this discretionary appeal followed.

Under OCGA § 5-3-21, "[a]n appeal to the superior court may be taken by filing a notice of appeal with the court, agency, or other tribunal appealed from." It further appears from OCGA § 20-2-1160 (c) that where a party seeks superior court review of a decision of the State Board of Education, the notice of appeal must be filed with the State Board, because the State School Superintendent is required to transmit the record and transcript to the superior court within ten days after the notice of appeal is filed. Transmission of the record is essential for disposition of the appeal, as under OCGA § 20-2-1160 (e) the superior court's review of the matter is confined to the record.

In the specific context of an appeal to the superior court from a

decision of the State Board of Education, this court has held that filing a notice of appeal with the superior court instead of the State Board bestows no jurisdiction upon the superior court to consider the appeal. In such a situation, the proper disposition by the superior court is dismissal of the appeal. *Cooper v. Gwinnett County Bd. of Ed.*, 157 Ga. App. 289 (277 SE2d 285) (1981). Accordingly, the trial court erred in considering the appeal on its merits, reversing the State Board's decision, and denying Elbert County's motion to set aside the judgment.

In asserting jurisdiction over the matter, the superior court relied upon *Mack v. Demming*, 248 Ga. 117, 119 (281 SE2d 591) (1981), in which the Supreme Court held that where "a notice of appeal from a probate court decision is filed in a timely fashion, but in superior court rather than probate court, the superior court is vested with discretion in determining whether to dismiss the appeal." However, that pronouncement regarding appellate procedures applicable to appeals from probate courts, and more generally to appeals from lower courts or agencies, does not control the instant case, in view of *Cooper v. Gwinnett County Bd. of Ed.*, supra, which dealt specifically with appeals from decisions of the State Board of Education.

In any event, even applying *Mack v. Demming*, the superior court erred in reversing the State Board's decision and in denying Elbert County's motion to set aside. In that case, after noting that the superior court had discretion in determining whether to dismiss a case in which the notice of appeal was improperly filed with the superior court, the Supreme Court pointed out that "[i]f the superior court finds that the filing of the notice of appeal in superior court has caused an unreasonable as well as inexcusable delay *in the transmission of the record* from probate court, the appeal should be dismissed." (Emphasis supplied.) Id. at 119.

In the instant case, without any reference to the record, the superior court found that the appellee's failure to file a notice of appeal with the Board of Education did not cause unreasonable delay. However, inasmuch as no record was ever transmitted by the State Board to the superior court because of the appellee's misfiling of the notice of appeal, the delay caused by the appellee can be considered nothing but unreasonable. Under these circumstances, the superior court abused its discretion in declining to dismiss the appeal and in denying the motion to set aside.

*Judgment reversed. Beasley, P. J., and Johnson, J., concur.*

DECIDED OCTOBER 25, 1994 —
RECONSIDERATION DENIED NOVEMBER 14, 1994 — 

*Heard, Leverett, Phelps, Weaver & Campbell, E. Freeman*

*Leverett, Robert F. Leverett,* for appellant.
*James W. Smith,* for appellee.