A00A1666. COX v. ERWIN et al.

(541 SE2d 69)

POPE, Presiding Judge.

Ronald Cox claims his employer failed to pay him the full commissions he earned during his tenure as a salesman of lumber and

---

building materials. He also claims that the defendants fraudulently induced him to continue his employment. The trial court granted summary judgment on these claims, and Cox appeals.

It is undisputed that Cox was an at-will independent contractor of Ervac, Inc. and that he did not have a written agreement stating that he was going to be paid a set commission. Cox claims that in either 1987 or 1988, or possibly as early as 1984, Ervac agreed to pay him a commission of 60 percent of the profit from the sales he made. He claims that Ervac changed the compensation arrangement without his knowledge in December 1989 and that he did not learn of the change for a period of seven or more months. Cox also claims that Ronald Erwin, the corporate representative of Ervac, fraudulently induced him to continue his employment after he discovered the change.

1. We first look at Cox's assertion that the trial court erred by granting summary judgment on his fraud claim. But Cox has failed to support this enumeration with any citations to the lengthy record to support any of the facts underlying this fraud claim as required by Court of Appeals Rule 27 (a) (1) and (c) (3) (i). "It is not the function of this court to cull the record on behalf of a party in search of instances of error. The burden is upon the party alleging error to show it affirmatively in the record." (Citation and punctuation omitted.) *Bergmann v. McCullough*, 218 Ga. App. 353, 355-356 (3) (461 SE2d 544) (1995). It is impossible for us to determine whether Cox carried his burden of showing that he has factual support for the five elements of a fraud claim without citation to any facts. Accordingly, we find this enumeration to be without merit.

2. We will, however, address the issue of Cox's commission claim because it is primarily a question of law.

The trial court, citing *Stover v. Candle Corp. of America*, 238 Ga. App. 657, 658 (2) (520 SE2d 7) (1999), held that because Cox was an at-will employee, any term of his contract, including the commission rate, could be varied without his consent. However, the rule in *Stover* applies only to prospective changes in the commission rate of which the employee was given notice. Stover admitted that the change in his case was not retroactive. Id. Here, Cox alleges that he had already earned the commissions before the rate was changed. Even in an at-will agreement, the employer is not at liberty to change the agreed rate of pay after the associated work has been performed. *Atlanta Dairies Co-Op v. Grindle*, 182 Ga. App. 409, 410-411 (2) (356 SE2d 42) (1987).

Ervac counters that Cox's evidence regarding the manner in which the commission was to be calculated was inconsistent. And that therefore, summary judgment was correct because Cox did not prove an essential element of the contract, i.e., the amount of com-

pensation. See, e.g., *Laverson v. Macon Bibb County Hosp. Auth.*, 226 Ga. App. 761, 762 (487 SE2d 621) (1997); *BellSouth Advertising &c. Corp. v. McCollum*, 209 Ga. App. 441, 444 (2) (433 SE2d 437) (1993) (alleged contract with "no firm agreement as to the price is unenforceable").

In his deposition Cox testified that Ervac agreed to pay 60 percent of the "net profit" derived from his sales. Cox defined "net profit" to mean the invoice amount minus the cost of goods sold, the freight charge, and the credit insurance. In his subsequent affidavit, Cox stated that he was entitled to the same percentage of the "gross profit on the Purchase Orders when they were shipped." Our review of the testimony does not necessarily show that the two definitions are inconsistent. Black's Law Dictionary defines "gross profit" as: "The difference between sales and the cost of goods sold before allowance for operating expenses and income taxes." "Net profit" results from subtracting operating expenses (overhead) and income taxes from that figure. See Black's. Thus, arguably, both of Cox's definitions included deduction for the cost of goods sold, and neither included subtracting operating expenses (overhead) and income taxes. Without more, we cannot say that his testimony is so inconsistent that it destroys his claim for commissions.

Cox raised a material issue of fact as to whether he was entitled to a 60 percent commission on all sales prior to the day he was informed that the rate would be different. Therefore, summary judgment was not proper on this count.

*Judgment affirmed in part and reversed in part. Miller and Mikell, JJ., concur.*

DECIDED OCTOBER 19, 2000.

*Eugene W. Walters*, for appellant.

*Wimberly & Lawson, Jim Wimberly, Jr., James L. Hughes, McNally, Fox & Grant, Patrick J. Fox*, for appellees.