A03A0487. FAYETTE COUNTY BOARD OF TAX ASSESSORS
v. ODDO et al.
(583 SE2d 537)

MIKELL, Judge.

Paul C. Oddo, Sr., Paul C. Oddo, Jr., Charles W. Oddo, and Warren Oddo (the "Oddos") own real property in Fayette County. They disputed the 2001 tax assessment by the Fayette County Board of Tax Assessors (the "Board") with respect to two parcels of their land. The Oddos appealed the Board's assessment to the Fayette County Board of Equalization (the "BOE"), which concluded that the Board's assessment was based on the fair market value of the property. The Oddos then appealed the BOE's decision to the superior court, which reversed. The Board now appeals the order of the superior court. We find no error and affirm.

In pertinent part, OCGA § 48-5-311 (g) (2) provides that "[a]n appeal [of the decision of the county board of equalization] shall be effected by mailing to or filing with the county board of tax assessors a written notice of appeal" within 30 days from the date of the decision. The county board of tax assessors must then certify to the clerk of the superior court the notice of appeal and "any other papers specified by the person appealing."[1]

The record shows that the BOE's decision was issued on January 8, 2002. Within 30 days thereafter, on February 7, 2002, the Oddos mailed a notice of appeal to the Board. The Oddos also filed a complaint in the superior court on February 7, 2002. On or about February 12, 2002, the clerk of the superior court telephoned the Oddos' attorney and asked that he submit a $67 filing fee in connection with their appeal. The clerk told the attorney that he could mail in the filing fee. The attorney mailed the fee, and the complaint was marked filed with the superior court on February 20, 2002. On March 26, 2002, the Board notified the Oddos that it had certified their appeal.

The Board claims that the trial court did not have jurisdiction of the Oddos' appeal from the BOE's ruling because the Oddos had not paid the superior court filing fee at the time they delivered the notice of appeal to the Board. We disagree. OCGA § 48-5-311 (g) (2) does not require the Board to receive the superior court filing fee in order to certify an appeal. Nor is there any requirement under OCGA § 48-5-

---

[1] OCGA § 48-5-311 (g) (2).

311 (g) (2) that the superior court receive its filing fee before the appeal is certified by the Board. The Board received the required statutory notice initiating the appeal. The Board had no discretion to certify the appeal and did certify the appeal.[2] The superior court received its filing fee and filed the complaint. We must conclude that the superior court had jurisdiction to hear the appeal notwithstanding any delay in receiving its filing fee, and the Board's enumeration of error is without merit.

The Oddos' motion that we impose a frivolous appeal penalty on the Board is denied.

*Judgment affirmed. Johnson, P. J., and Eldridge, J., concur.*

DECIDED JUNE 17, 2003.

*McNally, Fox & Grant, Dennis A. Davenport,* for appellant.
*Lord, Bissell & Brook, Terry R. Howell, Lynn S. Bickley,* for appellees.

---

[2] *Fulton County Bd. of Tax Assessors v. Boyajian,* 271 Ga. 881 (1) (525 SE2d 687) (2000).