A08A1645. FULTON COUNTY BOARD OF TAX ASSESSORS
v. LOVE et al.
(676 SE2d 256)

PHIPPS, Judge.

David and Valerie Love disagreed with the valuation placed upon their residence for tax year 2005 by the Fulton County Board of Tax Assessors (BTA) and thus appealed the assessment to the Fulton County Board of Equalization (BOE). Dissatisfied with the BOE's decision, the Loves appealed to the Superior Court of Fulton County. After a jury trial, judgment was entered upon the verdict. The BTA appeals to this court,[1] challenging the superior court's jurisdiction. For reasons that follow, we affirm.

The BTA maintains on appeal that the superior court lacked jurisdiction over the case because the Loves' notice of appeal to the superior court was ineffective. It argues that the Loves failed to comply with OCGA § 48-5-311 (g), which governs appeals from a decision from a county board of equalization to a superior court.

---

[1] This is the second appearance of this case before this court. See *Fulton County Bd. of Tax Assessors v. Love*, 289 Ga. App. 252 (656 SE2d 576) (2008) (reversing superior court's dismissal of appeal for delay in filing a transcript for transmission as part of the appellate record).

Pursuant to that Code provision, an appeal by a taxpayer is "effected by mailing to or filing with the county board of tax assessors a written notice of appeal."[2] That Code provision further requires that such notice "be mailed or filed within 30 days from the date on which the decision of the county board of equalization is mailed."[3]

In this case, the BOE issued its decision on April 12, 2006. On May 4, the Loves filed a notice of appeal with the Clerk of the Superior Court of Fulton County. In addition, the Loves provided a notice of appeal to the BTA that same day, May 4, as evidenced by a BTA date stamp showing its receipt. Nevertheless, the BTA later moved to dismiss the superior court case, arguing that no appeal had been effected in that court because the Loves had failed to comply with OCGA § 48-5-311 (g) (2). Specifically, the BTA complained that the Loves had filed a notice of appeal directly with the superior court.[4] The superior court denied the motion, finding that "within 30 days of the BOE decision, the [Loves] filed their Notice of Appeal with the Fulton County Board of Tax Assessors on May 4, 2006 after having also filed the Notice of Appeal with this Court that same day."

Contrary to the BTA's contention, the superior court correctly denied its motion. The record confirms that the Loves' notice of appeal was filed with the BTA on May 4, 2006, which was within the statutory time limitation. The BTA thereby received the required statutory notice initiating the Loves' appeal.[5] The fact that a notice of appeal was also filed in the superior court did not render it ineffective.[6]

The BTA relies upon cases such as *C. C. Leasing Corp. v. Bd. of Tax Assessors of Hall County*[7] and *Cooper v. Gwinnett County Bd. of Ed.*,[8] where the respective superior court actions were properly dismissed because the applicable appellate procedure had not been followed. Because such cases are inapposite, however, the BTA's reliance upon them is misplaced.

---

[2] OCGA § 48-5-311 (g) (2).

[3] Id.

[4] The BTA acknowledges in its appellate brief that it "did not argue to the trial court that the notice of appeal lacked the appropriate grounds or information or format, but that the Loves failed to effectuate their appeal by 'properly' filing it with the Fulton County BTA as mandated by the statute."

[5] See *Fayette County Bd. of Tax Assessors v. Oddo*, 261 Ga. App. 707-708 (583 SE2d 537) (2003).

[6] See *McCauley v. Bd. of Tax Assessors of Muscogee County*, 243 Ga. 844, 845 (257 SE2d 266) (1979) (recognizing that although there is no statutory requirement that the taxpayer also file a notice of appeal in the superior court, many do so out of an abundance of caution).

[7] 143 Ga. App. 520 (239 SE2d 204) (1977).

[8] 157 Ga. App. 289 (277 SE2d 285) (1981).

The taxpayer in *C. C. Leasing Corp.* filed his appeal only in the superior court, although the applicable former version of OCGA § 48-5-311 (g) provided that an appeal was effected "by filing with the county board of tax assessors a written notice of appeal."[9] That case concluded that jurisdiction was never conferred upon the superior court because, unlike here, no notice of appeal had been filed with the county board of tax assessors.[10]

Similarly, in *Cooper*, a discharged school teacher dissatisfied with the State Board of Education's decision filed a notice of appeal directly and only with the superior court.[11] The applicable Code provision allowing for an appeal from a decision of the State Board of Education to the superior court, however, directed that such an appeal was taken "by filing a notice of appeal with the court, agency or other tribunal appealed from."[12] Citing *C. C. Leasing Corp.*, that case concluded that jurisdiction was never conferred to the superior court because no notice of appeal was filed with the State Board of Education.[13]

The BTA has demonstrated no merit in its challenge to the judgment based on jurisdictional grounds.

*Judgment affirmed. Johnson, P. J., and Barnes, J., concur.*

DECIDED MARCH 13, 2009.

*Robert L. Martin*, for appellant.

*Proctor & Hutchins, Robert J. Proctor, Christopher M. Porterfield*, for appellee.

---

[9] *C. C. Leasing Corp.*, supra (quoting former Code Ann. § 92-691292-6912).
[10] *C. C. Leasing Corp.*, supra.
[11] *Cooper*, supra.
[12] Id. (quoting former Code Ann. § 6-103 (a)) (emphasis omitted).
[13] *Cooper*, supra at 289-290.