S12A1435. FITZPATRICK et al. v. MADISON COUNTY BOARD OF TAX ASSESSORS et al.
(734 SE2d 397)

MELTON, Justice.
Norma Fitzpatrick, Barry Fitzpatrick and George Elrod, hereafter "the taxpayers," own parcels of land in Madison County. Following a valuation of those properties for tax purposes by the Madison County Board of Tax Assessors, the taxpayers appealed the valuation to the Madison County Board of Equalization. See OCGA § 48-5-311.[1] The Board of Equalization denied the appeal. Subsequently, the taxpayers filed an appeal in superior court, but the Board of Tax Assessors refused to certify the appeal to the superior court unless the taxpayers first paid the filing fee to the superior court clerk.

Thereafter, the taxpayers contended that, except for appeals to an arbitrator pursuant to OCGA § 48-5-311 (f),[2] a taxpayer is not required to pay any fee at all for an appeal. Based on this argument,

---

[1] The statute provides three avenues of appeal: the Board of Equalization (OCGA § 48-5-311 (e) (1) (A) (i)), a hearing officer in circumstances not applicable here (OCGA § 48-5-311 (e) (1) (A) (iii)), or to an arbitrator (OCGA § 48-5-311 (e) (1) (A) (ii) and (f)).
[2] Pursuant to this subsection:
... Within ten days of receipt of a taxpayer's notice of arbitration appeal, the board of tax assessors shall send to the taxpayer an acknowledgment of receipt of the appeal; a notice that the taxpayer must, within 45 days of the filing of the notice, provide to the board of assessors for consideration a copy of a certified appraisal; and a confirmation of the amount of the filing fees, if any, required under Code Section 15-6-77 and notice that within 45 days the taxpayer shall pay to the clerk

the taxpayers filed a declaratory action seeking a ruling to this effect. On February 16, 2012, the trial court issued an order finding that the taxpayers are responsible for paying the filing fee, which prompted the taxpayers to appeal to this Court. For the reasons set forth below, we affirm.

OCGA § 48-5-311 (g) provides the means by which an aggrieved taxpayer may appeal to the superior court from a property tax ruling made by a county board of equalization. Within this provision, however, there is no discussion of whether a party must pay the superior court's filing fees at the time an appeal is filed. This information, however, is provided in other sections of the Georgia Code. OCGA § 9-15-4 (a) provides:

> A clerk of the superior court shall not be required to file any civil case or proceeding until the fee required by Code Section 15-6-77 and Code Section 15-6-77.2, relating to fees of clerks of the superior courts, has been paid to the clerk. The fee shall not be required if the party desiring to file the case or proceeding is unable because of his indigence to pay the fee and the party files with the clerk an affidavit to such effect.

The payment of fees, therefore, is generally required in all civil cases filed in the superior court, unless the filing party is indigent, and, indeed, the taxpayers have pointed to no exception to this rule in our Code. Furthermore, nothing in OCGA § 48-5-311 (g) indicates any intent by the Legislature to create a filing fee exemption, unique in all of Georgia law, for property tax appeals from a board of equalization ruling.

In this regard, the Attorney General has previously recognized the infirmities in the taxpayers' argument. He opined:

> [T]he taxpayer instigating an appeal from the [c]ounty [b]oard of [e]qualization to superior court should bear the advance cost deposit required by . . . OCGA §§ 15-6-77 and 9-15-4. . . . [B]ecause . . . OCGA § 48-5-311 (c), provides that an appeal from the [c]ounty [b]oard of [e]qualization shall constitute a "de novo action," the appeal would constitute

---

of the superior court the fees. Failure of the taxpayer to provide such certified appraisal and filing fees within such 45 days shall terminate the appeal unless the taxpayer within such 45 day period elects to have the appeal forwarded to the board of equalization. . . .

any "civil case or proceeding" as the terms are used in [OCGA § 9-15-4], and thus be subject to the cost deposit requirement.

1985 Ga. Op. Atty. Gen. 171 (a). Although the statutes quoted have been revised since this Attorney General Opinion was issued, its rationale remains applicable. Accordingly, a taxpayer instigating an appeal from a county board of equalization to the superior court pursuant to OCGA § 48-5-311 (g) must first pay the filing fee of the superior court clerk.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 19, 2012.

*Barry L. Fitzpatrick*, for appellant.
*Hall, Booth, Smith & Slover, Michael C. Pruett*, for appellee.