**THIRD DIVISION**
**ELLINGTON, P. J.,**
**DILLARD and MCFADDEN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**March 25, 2016**

# In the Court of Appeals of Georgia

A15A1901. MONROE COUNTY BOARD OF TAX ASSESSORS
v. WILSON et al.

MCFADDEN, Judge.

The Monroe County Board of Tax Assessors filed a declaratory judgment action against George Wilson and other taxpayers who had filed notices of ad valorem tax appeals to the superior court, requesting a declaration that the appeals stand as dismissed with prejudice due to the failure to pay court filing fees. The board also sought attorney fees. After a hearing, the superior court granted the board's request in part by declaring that the ad valorem tax appeals of those taxpayers who had not paid any filing fees should be dismissed, and denied the request in part by refusing to declare that the appeals of those taxpayers who had paid the $206 filing

fee established by a prior court order should be dismissed. The trial court also denied the board's request for attorney fees.

The board appeals, claiming that the trial court erred in failing to declare that all the landowners' tax appeals should be dismissed for failure to be tried at the first available term of court after filing as required by OCGA § 48-5-311 (g) (4). However, the appeals have not yet been filed in superior court and thus that code section does not apply. The board also claims that the trial court erred in finding that the filing fee is $206 per appeal. But the board has failed to show error as that finding was based on a prior court order that the board failed to include in the record. The board finally contends that the trial court erred in denying its request for attorney fees. However, the board failed to make any proffer as to the amount of such fees. Accordingly, we affirm.

At the outset, we note that our review in this case is hampered by a deficient record. The board has referred to prior mandamus actions filed by several taxpayers, seeking to compel the board to certify their appeals to the superior court. Apparently the trial court denied all of those actions, after which some of those taxpayers appealed to our Supreme Court. See *Newton Timber Co. v. Monroe County Bd. of Tax Assessors*, 295 Ga. 29 (755 SE2d 770) (2014). At the declaratory judgment hearing

in this case, the board told the trial judge that it did not need to present evidence because most of the facts were in the record of those prior mandamus actions. However, the board failed to include any part of that record in this case. Our ability to properly review the matters raised on appeal is hindered when the appellant fails to ensure that the record is complete. *Apple Investment Properties v. Watts*, 220 Ga. App. 226, (469 SE2d 356) (1996). Nevertheless, we will address the claims of error based on the record before us.

1. *OCGA § 48-5-311 (g) (4) (A).*

The board contends that the trial court should have dismissed all of the appeals, including those of the taxpayers who have paid court filing fees because those appeals were not tried at the first available term of court as required by OCGA § 48-5-311 (g) (4) (A). However, the board's reliance on that code section is misplaced.

"OCGA § 48-5-311 (g) provides the means by which an aggrieved taxpayer may appeal to the superior court from a property tax ruling made by a county board of equalization." *Fitzpatrick v. Madison County Bd. of Tax Assessors*, 292 Ga. 74, 75 (734 SE2d 397) (2012). The version of OCGA § 48-5-311 (g) (2) that was in effect at the time of the trial court's ruling in this case provided that such an appeal by a taxpayer "shall be effected" by emailing, mailing or filing a notice of appeal with the

3

county board of tax assessors within 30 days from the date on which the board of equalization's decision was mailed.[1] That same code section further provided that the county board of tax assessors "shall certify to the clerk of the superior court the notice of appeal and any other papers specified by the person appealing[,]" and that at "the time of certification of the appeal, the [board] shall serve the taxpayer . . . with a copy of the notice of appeal and with the civil action file number assigned to the appeal." Former OCGA § 48-5-311 (g) (2).

Former OCGA § 48-5-311 (g) (4) (A), provided that such an "appeal shall be placed on the court's next available jury or bench trial calendar, at the taxpayer's election, following *the filing of the appeal* unless continued by the court upon a showing of good cause."[2] (Emphasis supplied.) The former code did not expressly define what constituted "the filing of the appeal" as that term was used in that section. The board, relying on *C. C. Leasing Corp. v. Bd. of Tax Assessors of Hall County*,

---

[1] OCGA § 48-5-311 (g) was amended, effective January 1, 2016, to provide, among other things, more detailed procedures for both taxpayers and the board in appeals to the superior court.

[2] The current version of OCGA § 48-5-311 (g) (4) (A), effective January 1, 2016, omits the "upon a showing of good cause" language at the end of the sentence, and thus provides: "The appeal shall be placed on the court's next available jury or bench trial calendar, at the taxpayer's election, following the filing of the appeal unless continued by the court."

4

143 Ga. App. 520 (239 SE2d 204) (1977), claims that "the filing of the appeal" under former OCGA § 48-5-311 (g) (4) (A) meant the taxpayer's filing of the appeal with the board of tax assessors, not the board's subsequent filing of the appeal with the superior court. But contrary to the board's claim, *C. C. Leasing* held no such thing and provides no support for such a proposition. Indeed, that case did not even involve the issue of what constitutes "the filing of the appeal" that triggers the requirement that an ad valorem tax appeal be placed on the next available trial calendar under former OCGA § 48-5-311 (g) (4) (A) or its predecessor statute.

However, in *McCauley v. Bd. of Tax Assessors*, 243 Ga. 844 (257 SE2d 266) (1979), our Supreme Court addressed the issue and determined that it was the board's certification of the appeal, not the taxpayer's notice of appeal, that constituted the filing of the appeal in superior court. In applying an earlier version of the same provision set forth in former OCGA § 48-5-311 (g) (4) (A), the Supreme Court ruled that "the appeal was not officially filed in superior court until . . . the date of the board's certification of the notice of appeal and filing of the statutorily required documents. Therefore, any effort by the taxpayer to have the case heard before that [certification] date would have been premature." *McCauley*, supra at 845. The Supreme Court went on to hold that the taxpayer had complied with the statute "by

5

requesting a jury trial at the earliest opportunity after his appeal was certified" by the board, and that any delay "was caused by the board's tardiness in certifying the notice of appeal[.]" Id. at 846. Thus, as explained in *McCauley*, a county board of tax assessor's certification of an appeal to the superior court constituted "the filing of the appeal" which would trigger the requirement under former OCGA § 48-5-311 (g) (4) (A) that the appeal be placed on the superior court's next available trial calendar. See generally *Glynn County Bd. of Tax Assessors v. Paulding*, 270 Ga. App. 851 (608 SE2d 317) (2004) (affirming denial of motion to dismiss taxpayers' appeals, which board had certified to superior court, where taxpayers showed reasonable excuse for not securing a trial during first term after filing); *Haldi v. DeKalb County Bd. of Tax Assessors*, 178 Ga. App. 521, 525-526 (3) (344 SE2d 236) (1986) (affirming dismissal of taxpayer's appeal for failure to hold trial at first term after matter had been certified to the superior court and taxpayer failed to show excusable neglect).

a. *No certification of appeals.*

In the instant case, the board has neither claimed, nor pointed to any evidence in the record showing, that it certified any of the appeals in question to the superior court. Indeed, at the hearing before the trial judge and in its appellate briefs, the board acknowledges that it has not certified the taxpayers' appeals and that the appeals have

6

not been filed in the superior court. Consequently, absent certification of the appeals, the "filing of the appeal" under former OCGA § 48-5-311 (g) (4) (A) has not occurred and thus the requirement that the case be placed on the first available trial calendar has not yet been triggered.

As the board correctly notes, in the *Newton Timber* case mentioned above, the Supreme Court ruled that the taxpayers involved in that appeal must pay the filing fees before the board certifies their appeals. *Newton Timber*, supra at 36-37 (1) (755 SE2d 770) (2014). In so doing, the Supreme Court expressly overruled *Fayette County Bd. of Tax Assessors v. Oddo*, 261 Ga. App. 707 (583 SE2d 537) (2003), which had held that there was no requirement under OCGA § 48-5-311 (g) (2) that a superior court clerk receive its filing fee before a tax appeal could be certified by the county board of tax assessors. *Newton Timber*, supra at 37 (1), n. 10. Thus, based on that ruling, the board contends that the lack of certification of the appeals to superior court has been caused solely by the taxpayers' delay in paying the required filing fees. That contention ignores the ongoing dispute between the parties that led to those mandamus actions and the earlier appeal. But even if the board's contention is correct, it does not alter our analysis of the board's claim of error based on former OCGA § 48-5-311 (g) (4) (A).

7

As the board has acknowledged, the former version of OCGA § 48-5-311 (g) set forth no deadline by which a taxpayer was required to pay the court filing fee, and it did not provide for dismissal of an appeal based on failure to pay the fee within any specified time. Likewise, that code section provided no deadline by which the board was required to certify the appeal to the superior court. These gaps in the statutory scheme appear to have been addressed by the most recently modified version of OCGA § 48-5-311 (g) (2). But regardless of why there were delays in the payment of filing fees and the certification of appeals, the fact remains that the taxpayers' appeals have not been certified and filed in the superior court. Therefore, OCGA § 48-5-311 (g) (4) (A) simply does not apply, and its mandate that the appeals be placed on the next available trial calendar "following the filing" will not take effect until the appeals have been certified by the board to the superior court.

Where, as here, the issue is a question of law, we owe no deference to the trial court's ruling and apply a de novo standard of review. *Fuciarelli v. McKinney*, 333 Ga. App. 577 (773 SE2d 852) (2015). Because the board has failed to show any legal error based on the trial court's refusal to declare that the taxpayers' appeals stand dismissed pursuant to OCGA § 48-5-311 (g) (4) (A), this claim of error provides no basis for reversal of the trial court's judgment.

8

b. *Newton Entities.*

We note that one of the taxpayers specifically named in the trial court's order as having paid filing fees is called the "Newton entities." The name "Newton Entities" was also used to refer to "various entities and individual family members of the Newton family" in the prior Supreme Court case involving mandamus cited above, but it did not identify those specific entities and family members. *Newton Timber*, supra at 29. In that case, the Supreme Court stated that the Newton Entities' "tax appeals have been physically delivered to the superior court and . . . the superior court has ruled that such appeals have been certified to it." Id. at 37 (1). Thus, for any such certified appeals, the requirement of former OCGA § 48-5-311 (g) (4) (A) that they be placed on the next available trial calendar would apply.

However, the board has failed to show by the record that the Newton Entities in the instant case are the same taxpayers involved in that prior case. While the board has alluded to the same "Appellees" being involved in both cases, it has failed to support this factual assertion with citations to the record establishing which of the Newton Entities in our case are the same taxpayers discussed in the Supreme Court case. Moreover, as noted above, although at the hearing in this case the board expressly referred to facts allegedly appearing in the record of the mandamus cases,

9

it failed to include any of those records in the instant case. While some, or even all, of the Newton Entities in the instant case may be the same taxpayers involved in the prior case, it is the board's burden to support its factual assertions with citations to the record. See Court of Appeals Rule 25 (a) (1); *Cox v. Erwin*, 246 Ga. App. 439, 440 (1) (541 SE2d 69) (2000).

> When an appellant omits evidence necessary for determination of issues on appeal affirmation is required. It is well established that the burden is on the party alleging error to show it by the record and that where the proof necessary for determination of the issues on appeal is omitted from the record, an appellate court must assume that the judgment below was correct and affirm.

*Griffin v. Travelers Ins. Co.*, 230 Ga. App. 665, 666 (497 SE2d 257) (1998) (citations and punctuation omitted).

Furthermore, even if we were to assume for purposes of this appeal that the Newton Entities are the same taxpayers in both cases, the board still has failed to carry its burden of showing by the record that the trial court abused its discretion in refusing to declare the appeals dismissed pursuant to OCGA § 48-5-311 (g) (4) (A). See *Glynn County*, supra at 853 (whether to dismiss for failure to obtain trial at the first available term is matter within the discretion of the trial court). Accordingly, we find no reversible error. "When there is nothing in the record to support the

10

contention of error, there is nothing presented to this court for review." *City of Atlanta v. Starke*, 192 Ga. App. 267, 269 (1) (c) 384 SE2d 419) (1989) (citation and punctuation omitted).

2. *Amount of filing fees.*

The board claims that the $206 filing fee set by the trial court was incorrect because the fee had increased to $207.50 approximately three months before the taxpayers paid their filing fees. "[B]ecause the question here turns on a factual issue resolved by the trial court after considering evidence presented . . . we will uphold the trial court's factual findings if there is any evidence to support them." *In re Estate of Huff*, 287 Ga. App. 614, 614-615 (652 SE2d 203) (2007) (citation and punctuation omitted). Here, in finding that the filing fee was $206 per tax appeal, the trial court expressly relied on a prior order of the court setting the fee as that amount. The board failed to include that prior order in the record on appeal.

"It is well established that the burden is on the party alleging error to show it affirmatively by the record, and that when the burden is not met, the judgment complained of is assumed to be correct and must be affirmed. We do not have before us all the material upon which the trial court relied." *Acker v. Jenkins*, 178 Ga. App. 393, 394 (1) (343 SE2d 160) (1986) (citations omitted). We therefore assume that the

11

missing order supported the trial court's finding of fact, and thus the court did not err in making that finding. See *City of Atlanta*, supra at 269 (1) (c) (under presumption of regularity of proceedings in a court of competent jurisdiction, we must assume the evidence supported the trial court's ruling).

3. *Attorney fees.*

The board complains that the trial court erred in failing to grant it an award of attorney fees. However, the board did not present any proffer as to the amount or reasonableness of the fees requested, and has not cited any such evidence in the record.

> An attorney cannot recover for professional services without proof of their value. Generally, a party will proffer the opinion testimony of his present counsel as well as that of other attorneys in an effort to show what constitutes a reasonable attorney fee in light of the litigation history of the case. An award of attorney fees is unauthorized if appellee failed to prove the actual costs of the attorney and the reasonableness of those costs.

*Fiat Auto U. S. A. v. Hollums*, 185 Ga. App. 113, 116 (5) (363 SE2d 312) (1987) (citations and punctuation omitted). Accordingly, the board has failed to show error in the trial court's denial of attorney fees.

*Judgment affirmed. Ellington, P. J., and Dillard, J., concur.*