# Court of Appeals
# of the State of Georgia

ATLANTA,  June 29, 2017

*The Court of Appeals hereby passes the following order:*

**A17A0671.  DAMENE WOLDEAB v. DEKALB COUNTY BOARD OF EDUCATION.**

The DeKalb County Board of Education ("local board") did not renew math teacher Damene Woldeab's employment contract for the 2013-2014 school year. Proceeding pro se, Woldeab appealed to the State Board of Education ("state board"). Id.  The state board issued an order sustaining the local board's decision not to renew Woldeab's contract. That order informed Woldeab that he could appeal the state board's ruling to the superior court by filing a timely notice of appeal with the state superintendent of schools, and the order attached a sample notice of appeal.

Woldeab did not file a notice of appeal with the state superintendent.  Instead, he sued the local board in superior court, asking the court to "consider [his] appeal against the decision of the [state board]."[1] The local board moved to dismiss Woldeab's complaint on the ground that he had not followed the proper procedure for obtaining appellate review of the state board's decision.[2] The superior court granted the motion, and Woldeab now appeals directly to this Court. The local board has filed a motion to dismiss this appeal for lack of jurisdiction.

---

[1] Woldeab actually filed the complaint in superior court about a month *before* the state board issued its ruling.

[2] See *Cooper v. Gwinnett County Bd. of Ed.*, 157 Ga. App. 289 (277 SE2d 285) (1981) (affirming superior court's dismissal of discharged teacher's "Appeal from State Board of Education Decision" that teacher filed directly in superior court); see also *Elbert County Bd. of Ed. v. Gurley*, 215 Ga. App. 205 (450 SE2d 258) (1995).

OCGA § 5-6-35 (a) (1) requires an appellant to file an application for discretionary appeal from "decisions of the superior courts reviewing decisions of . . . the State Board of Education." See generally *Selke v. Carson*, 295 Ga. 628, 629 (759 SE2d 853) (2014). "[W]hen we consider the nature of the proceedings in the superior court for the purposes of OCGA § 5-6-35 (a) (1), we look to the substance of those proceedings, not merely the form of the relief sought." (Citation and punctuation omitted.) *Wolfe v. Bd. of Regents of the Univ. System of Ga.*, 300 Ga. 223, 230 (2) (c) (794 SE2d 85) (2016). If a plaintiff in a civil action "attacks or defends the validity of an administrative ruling and seeks to prevent or promote the enforcement thereof, the trial court must necessarily 'review' the administrative decision" to dispose of the case. (Punctuation omitted.) *State of Ga. v. Intl. Keystone Knights of the Ku Klux Klan*, 299 Ga. 392, 399 (4) (788 SE2d 455) (2016), citing *Ferguson v. Composite State Bd. of Medical Examiners*, 275 Ga. 255, 256-257 (1) (564 SE2d 715) (2002). For the purpose of OCGA § 5-6-35 (a) (1), a superior court's dismissal of an action, without reaching the merits, constitutes a "review" of the decision rendered below. See *Taylor v. City of Atlanta*, 184 Ga. App. 795 (363 SE2d 45) (1987) (appeal from superior court order dismissing writ of certiorari from municipal court had to come by discretionary application "even though the superior court dismissed the case before reaching its merits"); *Brewer v. Bd. of Zoning Adjustments of Atlanta*, 170 Ga. App. 351 (317 SE2d 327) (1984).

Woldeab's complaint, although filed as a separate lawsuit, asked the superior court to review a decision of the state board. Accordingly, to appeal the superior court's order dismissing the complaint, Woldeab was required to file an application for discretionary appeal. See *Wolfe*, 300 Ga. App. at 230 (2) (c). His failure to follow the appropriate appellate procedure deprives us of jurisdiction over this direct appeal. Id. at 232-233 (2) (d).

The local board's motion to dismiss is hereby GRANTED, and this appeal is DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,* 06/29/2017
    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

*Stephen E. Castlen*
_____ , *Clerk.*