**THIRD DIVISION**
**DOYLE, P. J.,**
**GOBEIL, J., and SENIOR JUDGE FULLER**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**February 16, 2024**

# In the Court of Appeals of Georgia

A23A1530. CHATTOOGA COUNTY BOARD OF TAX ASSESSORS v. CONNELLY.

GOBEIL, Judge.

This appeal stems from the trial court's order denying the Chattooga County Board of Tax Assessors' ("the Board") motion to dismiss a tax appeal on the basis of untimeliness. Specifically, this case concerns the time frame in which a taxpayer must appeal the decision of a county board of equalization under OCGA § 48-5-311. For the reasons explained more fully below, we find that the trial court properly denied the Board's motion to dismiss because the taxpayer's appeal was timely. Accordingly, we affirm.

The interpretation of a statute is a question of law, which we review de novo on appeal. *Monroe County Bd. of Tax Assessors v. Wilson*, 336 Ga. App. 404, 408 (1) (a) (785 SE2d 67) (2016).

The facts of this case are undisputed and the record shows that the Chattooga County Board of Tax Equalization (the "BOE") issued a decision regarding the valuation of Christopher Sutton Connelly's property and mailed its decision to Connelly by certified mail on November 21, 2022. Connelly retrieved the decision from the post office on November 25, 2022, and on December 22, 2022, he notified the Board that he was appealing the BOE's decision to the Superior Court of Chattooga County.

In superior court, the Board filed a motion to dismiss Connelly's appeal, arguing that it was untimely because he did not file the appeal within 30 days after the BOE mailed the decision. Connelly filed a response to the Board's motion, arguing that the notice of appeal was timely because he filed it within 30 days of the date of delivery. The superior court denied the Board's motion to dismiss, concluding that the decision was "delivered" within the meaning of OCGA § 48-5-311 (g) (2) on the date that Connelly retrieved it from the post office, such that his notice of appeal was

timely. The Board obtained a certificate of immediate review, we granted its application for interlocutory review, and this appeal followed.

In its sole claim of error, the Board contends that the superior court erred in concluding that the deadline to file a tax appeal is computed from the date that the decision is received by the taxpayer, rather than the date that the decision is mailed.

"OCGA § 48-5-311 (g) provides the means by which an aggrieved taxpayer may appeal to the superior court from a property tax ruling made by a county board of equalization." *Monroe County Bd. of Tax Assessors*, 336 Ga. App. at 406 (1) (citation and punctuation omitted). An appeal of a BOE decision is "effected" by mailing or filing with the county board a written notice of appeal. OCGA § 48-5-311 (g) (2).[1] Under the version of the statute in effect at the time of Connelly's appeal to superior court, OCGA § 48-5-311 (g) (2) provided: "The notice [of appeal] shall be mailed or

---

[1] As part of the General Assembly's overhaul of procedures governing appeals to superior courts (see OCGA § 5-3-1 et seq.), OCGA § 48-5-311 was amended, effective July 1, 2023, to replace the term "notice of appeal" with the term "petition for review." Ga. L. 2022, p. 799 § 2-39. The current version of OCGA § 48-5-311 (g) (2) provides: "The petition for review shall be mailed or filed within 30 days from the date on which the decision of the county board of equalization, hearing officer, or arbitrator is delivered pursuant to subparagraph (e) (6) (D), paragraph (7) of subsection (e.1), or division (f) (3) (C) (ix) of this Code section." Accordingly, the substantive language regarding the deadline remains the same, and, unless otherwise noted, all mentions of OCGA § 48-5-311 in this opinion refer to the version in effect at the time of the proceedings below. Similarly, we refer to Connelly's December 22, 2022 filing as a "notice of appeal."

filed within 30 days from the date on which the decision of the county board of equalization, hearing officer, or arbitrator is *delivered* pursuant to subparagraph (e) (6) (D) . . . of this Code section." (Emphasis supplied.) As noted above, the Board contends that the 30-day period should be calculated from the date the BOE mails its decision, while Connelly counters that the date of delivery controls.

The resolution of this appeal turns on the meaning of the word "delivered" as used in OCGA § 48-5-311 (g) (2).

> Tasked with interpreting statutory language, we necessarily begin our analysis with familiar and binding canons of construction. Indeed, in considering the meaning of a statute, our charge as an appellate court is to presume that the General Assembly meant what it said and said what it meant. And toward that end, we must afford the statutory text its plain and ordinary meaning, consider the text contextually, read the text in its most natural and reasonable way, as an ordinary speaker of the English language would, and seek to avoid a construction that makes some language mere surplusage. In summary, when the language of a statute is plain and susceptible of only one natural and reasonable construction, courts must construe the statute accordingly.

*Monumedia II, LLC v. Dept. of Transp.*, 343 Ga. App. 49, 51-52 (1) (806 SE2d 215) (2017) (citations, punctuation, and footnotes omitted). "If the statutory text is clear and unambiguous, we attribute to the statute its plain meaning, and our search for

statutory meaning is at an end." *Major v. State*, 301 Ga. 147, 150 (1) (800 SE2d 348) (2017) (citation and punctuation omitted). See also OCGA § 1-3-1 (b) ("[i]n all interpretations of statutes, the ordinary signification shall be applied to all words"). We are also mindful that "when a taxing statute has doubtful meaning, it must be construed liberally in favor of the taxpayer and against the State." *Telecom\*USA, Inc. v. Collins*, 260 Ga. 362, 364 (1) (393 SE2d 235) (1990).

Turning to the statute at issue, we note that prior to 2015, OCGA § 48-5-311 (g) (2) provided: "The notice [of appeal] shall be mailed or filed within 30 days from the date on which the decision of the county board of equalization or hearing officer is *mailed* pursuant to subparagraph (e) (6) (D) or paragraph (6) of subsection (e.1) of this Code section." OCGA § 48-5-311 (g) (2) (2010) (emphasis supplied). In 2015, the General Assembly amended OCGA § 48-5-311 (g) (2), replacing the term "mailed" with the term "delivered." Ga. L. 2015, p. 1253 § 16. Thus, the 2015 amendment changed the relevant date for computing the deadline from the date the decision is "mailed" to the date it is "delivered," and our rules of statutory construction demand that we attach significance to this action. See *Transp. Ins. Co. v. El Chico Restaurants, Inc.*, 271 Ga. 774, 776 (524 SE2d 486) (1999) (noting that rules of statutory

construction attach significance to legislature's action in removing certain limiting language from the statute at issue).

The terms "mailed" and "delivered" are not defined in the statute, and we therefore look to the plain and ordinary meaning of these words as defined by dictionaries. *Mornay v. Nat. Union Fire Ins. Co. of Pittsburg, P. A.*, 331 Ga. App. 112, 115 (3) (769 SE2d 807) (2015). "Mail" is defined as "to send by mail,"[2] while "deliver" is defined as "to take and hand over or to leave for another."[3] Thus, while "mailed" is defined with an eye toward the sender, "delivered" focuses on the transfer to the recipient. The Board's argument on appeal applies a strained definition for the term "delivered" as the date mailed, and we reject this contention as at odds with the commonly understood definition of the term "delivered," particularly in light of the 2015 revision to the statute. In any event, to the extent that the term "delivered" creates an ambiguity, this ambiguity must be resolved in Connelly's favor such that the date he received the BOE decision controls. See *Interstate North Sporting Club v. Cobb County Bd. of Tax Assessors*, 250 Ga. App. 221, 224 (551 SE2d 91) (2001)

---

[2] Merriam-Webster Dictionary, https://www.merriam-webster.com/dictionary/mail (visited January 22, 2024).

[3] Merriam-Webster Dictionary, https://www.merriam-webster.com/dictionary/deliver (visited January 22, 2024).

("revenue laws are neither remedial statutes nor laws founded upon any permanent public policy, and are not, therefore, to be liberally construed; and hence, whenever there is a just doubt, that doubt should absolve the taxpayer from his burden") (citation and punctuation omitted).

In support of its position that a BOE decision is "delivered" within the meaning of OCGA § 48-5-311 (g) (2) on the date that it is mailed, the Board points to OCGA § 48-5-311 (e) (6) (D) (i). That subsection provides for various forms of notice when a taxpayer's appeal is adjudicated by the BOE. In particular, OCGA § 48-5-311 (e) (6) (D) (i) states that notice of a BOE decision

> shall be delivered by hand to each party, with written receipt, or given to each party by sending a copy of the decision by registered or certified mail or statutory overnight delivery to the appellant and by filing the original copy of the decision with the county board of tax assessors.[4]

Based on this language, the Board argues that the decision is delivered when it is sent, not when it is received or retrieved by the party to whom it is sent. However, other subsections of OCGA § 48-5-311 reference the "date of mailing" as the relevant date for calculating the time to file notices of appeal at various stages of tax appeals. See,

---

[4] This subsection remains unchanged in the current version of the statute.

7

e.g., OCGA § 48-5-311 (e) (2) (A) (providing that a taxpayer's appeal from an assessment by a county board of tax assessors "shall be effected . . . by filing with the county board of tax assessors a notice of appeal within 45 days from the *date of mailing* the notice . . .") (emphasis supplied); OCGA § 48-5-311 (f) (3) (A) (specifying that a taxpayer who elects to submit the appeal to nonbinding arbitration must file the notice of arbitration appeal "within 45 days from the *date of mailing* the notice") (emphasis supplied). These subsections demonstrate that the General Assembly knew how to designate the date of mailing as the relevant date, but chose not to do so in the context of an appeal to superior court. See *Inland Paperboard & Packaging, Inc. v. Ga. Dept. of Revenue*, 274 Ga. App. 101, 104 (616 SE2d 873) (2005) (noting that if the General Assembly had intended to include a particular exemption in tax statute, statutory history showed that it knew how to do so). See also *Symphony Med., LLC v. FFD GA Holdings, LLC*, 370 Ga. App. 66, 72 (3) (893 SE2d 810) (2023) ("under the statutory interpretation doctrine of expressio unius est exclusio alterius, where the General Assembly includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that the General

Assembly acts intentionally and purposely in the disparate inclusion or exclusion")
(citation and punctuation omitted).

Finally, the Board contends that construing the term "delivered" as the date on which a taxpayer retrieves a decision from the post office would create a "slippery slope . . . for counties wherein taxpayers would not have to claim their registered or certified mail and the timeline to file an appeal would never begin." However, the issue of a taxpayer failing to collect his mail is not before us in the instant appeal. Instead, here, the United States Postal Service certified mail receipt includes a section that is to be completed "on delivery," and the record demonstrates that this portion of the receipt shows the "Date of Delivery" as November 25, 2022. Accordingly, Connelly's December 22, 2022 notice of appeal was timely.

Based on the foregoing, we affirm the trial court's denial of the Board's motion to dismiss Connelly's appeal.

*Judgment affirmed. Doyle, P. J., and Senior Judge C. Andrew Fuller concur.*